**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JANE DOE**, | **CIVIL ACTION** |
| Plaintiff, | |
| *v.* | **NO. 23-0342-KSM** |
| **CITY OF PHILADELPHIA,** et al., | |
| Defendants. | |

## ORDER

**AND NOW** this 2nd day of February, 2023, upon consideration of Plaintiff's Complaint (Doc. No. 1), which was filed under a pseudonym, it is **ORDERED** that Plaintiff must move for leave to proceed via pseudonym and file a memorandum of law explaining why she is entitled to do so[1] by **February 17, 2023.** Failure to file a timely motion to proceed under pseudonym may result in dismissal of the Complaint.

**IT IS SO ORDERED.**

/s/*Karen Spencer Marston*
_____
KAREN SPENCER MARSTON, J.

---

[1] Under Federal Rule of Civil Procedure 10, the caption of a complaint must name all the parties to the litigation. Fed. R. Civ. P. 10(a). This rule "illustrates the principle that judicial proceedings, civil as well as criminal, are to be conducted in public." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (explaining that a "plaintiff's use of a pseudonym runs afoul" of this right to public access) (quotation marks omitted). That said, courts have, "in exceptional cases," allowed a party to proceed under a pseudonym where they can show "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." *Id.* (quotation marks omitted).