# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JANE DOE L.S.**, | **CIVIL ACTION** |
| Plaintiff, | |
| v. | **NO. 23-0342-KSM** |
| **CITY OF PHILADELPHIA,** et al., | |
| Defendants. | |

## ORDER

On this _____ day of _____ 2023, it is hereby **ORDERED** and **DECREED** that Plaintiff's Motion for Leave to Proceed under a Pseudonym is **GRANTED**, and Plaintiff may proceed under a pseudonym.

**IT IS FURTHER ORDERED** and **DECREED** that all parties in the above-captioned matter must maintain the anonymity of Plaintiff, Jane Doe L.S., through the use of this pseudonym in all filings, including the redaction of all filings, exhibits, and documents containing her full name.

_____
KAREN SPENCER MARSTON, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

| | |
|---|---|
| **JANE DOE L.S.**, <br><br> Plaintiff, <br><br> v. <br><br> **CITY OF PHILADELPHIA,** et al., <br><br> Defendants. | CIVIL ACTION <br><br> NO. 23-0342-KSM |

**PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM**

Plaintiff, Jane Doe L.S., by and through her counsel, VSCP LAW, hereby moves for leave from this Honorable Court to proceed in the above-captioned matter via pseudonym, "Jane Doe, L.S," pursuant to the Court's Order dated February 2, 2023 (ECF Doc. 3). In support of her Motion, Plaintiff states as follows:

**I.      FACTUAL BACKGROUND**

1. This Section 1983 and sexual assault case was initiated on January 27, 2023, by the filing of a Complaint arising out of inappropriate grooming, sexual assault, and subsequent sexual harassment of Plaintiff by a City of Philadelphia Police Department ("PPD") Homicide Detective while he was investigating the murder of her son. *See generally* Complaint, ECF Doc. 1.

2. Specifically, in November 2020, after the PPD opened the homicide investigation, Defendant, Detective Donald Suchinsky ("Detective Suchinsky") was assigned to the case, and in the days, weeks, and months that followed, engaged in outright sexual harassment of Plaintiff through his official PPD email, telephonically through his use of official PPD phone lines, and also through his personal email address. *Id.* ¶¶ 17-81.

3. Detective Suchinsky took advantage of his position of power and authority by luring Plaintiff into a sense of security under the auspices of an investigation-related interview at the PPD Homicide Unit, where he entered into her vehicle, directed her to drive around the block and toward the PPD officer-only lot situated behind the PPD Headquarters/police station in Chinatown, and then sexually assaulted her by fondling her breasts and digitally penetrating her vagina in the confines of her vehicle. *Id.* ¶¶ 38-52.

4. Detective Suchinsky's misconduct continued as he repeatedly badgered Plaintiff over the next several months until Plaintiff finally reported his conduct and ceased communications with him for her own safety. *Id.* ¶¶ 58-81.

5. As set forth in the Complaint, the City of Philadelphia knew about Detective Suchinsky's prior misconduct, and the broader culture of sexual misconduct and self-preservation which pervaded the PPD long before the sexual assault and harassment of Plaintiff. *See generally* Complaint, ECF Doc. 1.

6. Plaintiff has asserted four causes of action pursuant to 42 U.S.C. §1983 against all Defendants, each of which is premised on a distinct theory of §1983 liability. *See id.* at 24-37.

7. Plaintiff has also stated individual state law tort claims for battery (Count V), assault (Count VI), and intentional infliction of emotional distress (Count VII) against Detective Suchinsky. *Id.* at 38-42.

8. Plaintiff filed the Complaint through her counsel under a pseudonym with her initials (L.S.) to preserve her privacy interests in this sensitive case.

9. Given the highly personal nature of this case, Plaintiff used a pseudonym to protect her identity from being released because of the stigma which would be forever associated with her name if it was publicized, and further, to avoid any adverse impact the details of this lawsuit may

have on the PPD's ongoing, open investigation into her son's murder.

10. As explained in greater detail below, Plaintiff respectfully requests leave from this Honorable Court to proceed in this litigation via pseudonym by issuing the attached Order and protecting her identity from disclosure in the public filings, including all exhibits or documents in which her name appears, submitted to this Honorable Court.

## II. ARGUMENT

11. Although judicial proceedings are generally conducted in public, in recognition of the need to maintain confidentiality of litigants in certain case types, over a decade ago, the Third Circuit Court of Appeals adopted a non-exhaustive list of factors which favor anonymity:

> (1) the extent to which the identity of the litigant has been kept confidential;
> (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases;
> (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity;
> (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities;
> (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and
> (6) whether the party seeking to sue under a pseudonym has illegitimate ulterior motives.

*Doe v. Meglass*, 654 F.3d 404, 409 (3d Cir. 2011).

12. The Third Circuit adopted these factors based on longstanding precedent from this Honorable Court balanced the competing interests of allowing the use of pseudonyms by litigants. *Id.* (citing *Doe v. Evans*, 202 F.R.D. 173, 175 (E.D. Pa. 2001) (granting motion in part but requiring plaintiff to disclose her identity to correctional defendants) and *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464 (E.D. Pa. 1997) (granting disabled man's motion for leave where he maintained his confidentiality, plaintiff had a reasonable fear that his friends and colleagues would

learn about his stigmatized psychiatric conditions, there was no public interest in his identity, and there was a public interest in encouraging mentally ill individuals to vindicate their legal rights)).

13. There are also factors which militate against anonymity of a litigant, which namely revolve around the degree of public interest in access to the litigant's identity, the subject matter of the litigation, whether the litigant is a public figure, and whether there is an illegitimate motive behind the desire to use a pseudonym. *See id.*

14. As recent as last year, this Court's sister district acknowledged the need for pseudonyms in cases involving sensitive privacy interests, and especially where the lawsuit challenges the actions or policies of governmental entities or officials. *Doe v. Pennsylvania of Corrections*, 1:20-cv-00023-SPB-RAL, 2022 WL 446370, at n.3 (W.D. Pa. Feb. 14, 2022) (allowing plaintiff who identified as gender-nonbinary to proceed under a pseudonym against correctional institutions).

15. In this particular case, Plaintiff's identity is not a topic for public consumption, and every factor relevant to this Court's inquiry militates in favor of granting leave.

16. First, Plaintiff has maintained her confidentiality regarding the instances giving rise to this action. For instance, in the Complaint, Plaintiff and her counsel were careful to omit reference to the name of her son, or the details of his homicide (other than the date) to ensure no outsiders could uncover her identity.

17. Second, Plaintiff has a legitimate basis in her fear and desire to avoid public disclosure of her identity, for multiple reasons. At the outset, the very nature of this case is extremely stigmatizing as it involves a sexual assault at the hands of a Philadelphia Homicide Detective. Aside from the assault itself, Plaintiff has lived in fear of retaliation by Detective

Suchinsky and his colleagues at the PPD. She worries about not just about her personal safety, but also about retaliation in the form of slowing down the investigation into her son's murder.

18. Third, like the plaintiff in *Provident Life*, where the court acknowledged the public interest in encouraging mentally ill litigants to sue to "vindicate their rights," there is a legitimate public interest in maintaining the confidentiality of a litigant who was sexually assaulted by a government official so she can vindicate her rights without fear of the repercussions in her personal, professional, or social life. 176 F.R.D. at 468. Indeed, the public interest is also advanced by holding the government responsible for civil rights violations occasioned by the failure to appropriate train, supervise, and discipline law enforcement officers.

19. The fourth factor also favors Plaintiff because, although this case is not of purely legal nature, the public can still follow what happens procedurally because Plaintiff does not seek to seal the case, nor does she desire the facts to be shielded from the public eye—she merely seeks to prevent the disclosure of her actual name as part of the public record.

20. The fifth factor also favors granting leave for Plaintiff because she "may fail to pursue [her] claim because of potential stigmatization from the community and damage to [her] professional reputation," and as stated above, she is concerned Detective Suchinsky's colleagues at the Philadelphia Police Department will retaliate against her personally or in connection with her son's open homicide investigation. *Id.* at 468-69. Plaintiff should not be chilled into silence or discouraged from vindicating her constitutional right to be free from a sexual assault at the hands of a Homicide Detective who was charged with investigating her son's murder.

21. Finally, the sixth factor favors Plaintiff, as she has no ulterior motive here; she only seeks hold those accountable for what happened to her without publicizing her identity to protect herself and exercise control over her identity.

22. This Court should adhere to the instructive guidance of *Meglass*, and allow Plaintiff to proceed under a pseudonym in this case because she and her undersigned counsel have maintained her confidentiality with the exception of disclosing it to the City's Deputy Solicitor for purposes of their investigation to defend this matter.

23. The ability to proceed pseudonymously is warranted in this case because this litigation will involve the disclosure of highly personal and stigmatizing information, including incidents of sexual assault and harassment.

24. Furthermore, though not binding on this Court, it is instructive to note that Pennsylvania courts likewise recognize the privacy interest in cases involving a "sensitive matter" where "the embarrassing, humiliating circumstances warrant the need for privacy". *Doe v. Zarkin*, 40 Pa. D. & C.4th 100, 106-107, 1998 WL 1093460 at *4 (Com. Pl. Ct. 1998) (involving claims of sexual harassment in the workplace); *Doe v. Curran*, 45 Pa. D. & C.4th 544, 546 (Com. Pl. Ct. 2000) (allowing plaintiff-patient to proceed in litigation under a Doe pseudonym against defendant-doctor who initiated improper sexual relationship and raped her).

25. The factors that would ordinarily militate against proceeding under a pseudonym are, at best, neutral in this case. *Meglass*, 654 F.3d at 409.

26. There is no legitimate public interest in the disclosure of the identity of Plaintiff, and she is not a public figure.

27. The only possible motive behind an opposition to Plaintiff's motion to proceed pseudonymously would be to frighten her into a state of silence.

28. Based on the foregoing, given the highly sensitive nature of this case and the absence of any other means to adequately and effectively protect the Plaintiff's privacy interests, the Court should allow Plaintiff to proceed under a pseudonym and require the parties to maintain

that confidentiality by redacting references to her name and limiting reference to her as either "Plaintiff," "Jane Doe," or "Jane Doe, L.S." in future filings with the Court.

**WHEREFORE**, for the reasons stated above, Plaintiff requests the Court issue the attached proposed Order granting her motion for leave to proceed under a pseudonym and protecting her identity from public disclosure in all filings and exhibits submitted to the Court.

Respectfully submitted,



BY: _____
Joshua Van Naarden, Esquire (#86740)
Daniel P. Rosner, Esquire (#327999)
Two Commerce Square
2001 Market Street Suite 3700
Philadelphia, PA 19103
(215) 960-0000
jvannaarden@vscplaw.com
drosner@vscplaw.com

*Attorneys for Plaintiff*

Dated: February 9, 2023

THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JANE DOE L.S.**, <br><br> Plaintiff, <br><br> *v.* <br><br> **CITY OF PHILADELPHIA,** et al., <br><br> Defendants. | **CIVIL ACTION** <br><br><br> **NO. 23-0342-KSM** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
FOR LEAVE TO PROCEED UNDER A PSEUDONYM**

Plaintiff, Jane Doe L.S., by and through her counsel, VSCP LAW, hereby submits this Memorandum of Law in support of her Motion for Leave to proceed in the above-captioned matter via pseudonym, "Jane Doe, L.S," pursuant to this Honorable Court's Order dated February 2, 2023 (ECF Doc. 3).

**I.   MATTER BEFORE THE COURT**

Plaintiff's Motion for Leave to Proceed Under a Pseudonym.

**II.   QUESTION PRESENTED**

Should this Court grant Plaintiff's Motion and allow Plaintiff to proceed under a pseudonym in the interest of protecting Plaintiff's identity from public disclosure in this case involving allegations of sexual assault given the sensitivity of her privacy interests and because all factors relevant to this Court's analysis militate in favor of maintaining Plaintiff's anonymity?

**Suggested Answer: Yes.**

**III.   FACTUAL BACKGROUND**

This Section 1983 and sexual assault case was initiated on January 27, 2023, by the filing

of a Complaint arising out of inappropriate grooming, sexual assault, and subsequent sexual harassment of Plaintiff by a City of Philadelphia Police Department ("PPD") Homicide Detective while he was investigating the murder of her son. *See generally* Complaint, ECF Doc. 1. Specifically, in November 2020, after the PPD opened the homicide investigation, Defendant, Detective Donald Suchinsky ("Detective Suchinsky") was assigned to the case, and in the days, weeks, and months that followed, engaged in outright sexual harassment of Plaintiff through his official PPD email, telephonically through his use of official PPD phone lines, and also through his personal email address. *Id.* ¶¶ 17-81.

Detective Suchinsky took advantage of his position of power and authority by luring Plaintiff into a sense of security under the auspices of an investigation-related interview at the PPD Homicide Unit, where he entered into her vehicle, directed her to drive around the block and toward the PPD officer-only lot situated behind the PPD Headquarters/police station in Chinatown, and then sexually assaulted her by fondling her breasts and digitally penetrating her vagina in the confines of her vehicle. *Id.* ¶¶ 38-52. Detective Suchinsky's misconduct continued as he repeatedly badgered Plaintiff over the next several months until Plaintiff finally reported his conduct and ceased communications with him for her own safety. *Id.* ¶¶ 58-81. As set forth in the Complaint, the City of Philadelphia knew about Detective Suchinsky's prior misconduct, and the broader culture of sexual misconduct and self-preservation which pervaded the PPD long before the sexual assault and harassment of Plaintiff. *See generally* Complaint, ECF Doc. 1.

Plaintiff has asserted four causes of action pursuant to 42 U.S.C. §1983 against all Defendants, each of which is premised on a distinct theory of §1983 liability. *See id.* at 24-37. Plaintiff has also stated individual state law tort claims for battery (Count V), assault (Count VI), and intentional infliction of emotional distress (Count VII) against Detective Suchinsky. *Id.* at 38-

42. Plaintiff filed the Complaint through her counsel under a pseudonym with her initials (L.S.) to preserve her privacy interests in this sensitive case. Given the highly personal nature of this case, Plaintiff used a pseudonym to protect her identity from being released because of the stigma which would be forever associated with her name if it was publicized, and further, to avoid any adverse impact the details of this lawsuit may have on the PPD's ongoing, open investigation into her son's murder.

As explained in greater detail below, Plaintiff respectfully requests leave from this Honorable Court to proceed in this litigation via pseudonym by issuing the attached Order and protecting her identity from disclosure in the public filings, including all exhibits and documents in which her name appears, submitted to this Honorable Court.

## IV. LEGAL ARGUMENT

Although judicial proceedings are generally conducted in public, in recognition of the need to maintain confidentiality of litigants in certain case types, over a decade ago, the Third Circuit Court of Appeals adopted a non-exhaustive list of factors which favor anonymity:

> (1) the extent to which the identity of the litigant has been kept confidential;
> (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases;
> (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity;
> (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities;
> (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and
> (6) whether the party seeking to sue under a pseudonym has illegitimate ulterior motives.

*Doe v. Meglass*, 654 F.3d 404, 409 (3d Cir. 2011).

The Third Circuit adopted these factors based on longstanding precedent from this Honorable Court balanced the competing interests of allowing the use of pseudonyms by litigants. *Id.* (citing *Doe v. Evans*, 202 F.R.D. 173, 175 (E.D. Pa. 2001) (granting motion in part but requiring plaintiff to disclose her identity to correctional defendants) and *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464 (E.D. Pa. 1997) (granting disabled man's motion for leave where he maintained his confidentiality, plaintiff had a reasonable fear that his friends and colleagues would learn about his stigmatized psychiatric conditions, there was no public interest in his identity, and there was a public interest in encouraging mentally ill individuals to vindicate their legal rights)).

There are also factors which militate against anonymity of a litigant, which namely revolve around the degree of public interest in access to the litigant's identity, the subject matter of the litigation, whether the litigant is a public figure, and whether there is an illegitimate motive behind the desire to use a pseudonym. *See id.*

As recent as last year, this Court's sister district acknowledged the need for pseudonyms in cases involving sensitive privacy interests, and especially where the lawsuit challenges the actions or policies of governmental entities or officials. *Doe v. Pennsylvania of Corrections*, 1:20-cv-00023-SPB-RAL, 2022 WL 446370, at n.3 (W.D. Pa. Feb. 14, 2022) (allowing plaintiff who identified as gender-nonbinary to proceed under a pseudonym against correctional institutions).

In this particular case, Plaintiff's identity is not a topic for public consumption, and every factor relevant to this Court's inquiry militates in favor of granting leave. First, Plaintiff has maintained her confidentiality regarding the instances giving rise to this action. For instance, in the Complaint, Plaintiff and her counsel were careful to omit reference to the name of her son, or the details of his homicide (other than the date) to ensure no outsiders could uncover her identity. Second, Plaintiff has a legitimate basis in her fear and desire to avoid public disclosure of her

identity, for multiple reasons. At the outset, the very nature of this case is extremely stigmatizing as it involves a sexual assault at the hands of a Philadelphia Homicide Detective. Aside from the assault itself, Plaintiff has lived in fear of retaliation by Detective Suchinsky and his colleagues at the PPD. She worries about not just about her personal safety, but also about retaliation in the form of slowing down the investigation into her son's murder.

Third, like the plaintiff in *Provident Life*, where the court acknowledged the public interest in encouraging mentally ill litigants to sue to "vindicate their rights," there is a legitimate public interest in maintaining the confidentiality of a litigant who was sexually assaulted by a government official so she can vindicate her rights without fear of the repercussions in her personal, professional, or social life. 176 F.R.D. at 468. Indeed, the public interest is also advanced by holding the government responsible for civil rights violations occasioned by the failure to appropriate train, supervise, and discipline law enforcement officers.

The fourth factor also favors Plaintiff because, although this case is not of purely legal nature, the public can still follow what happens procedurally because Plaintiff does not seek to seal the case, nor does she desire the facts to be shielded from the public eye—she merely seeks to prevent the disclosure of her actual name as part of the public record.

The fifth factor also favors granting leave for Plaintiff because she "may fail to pursue [her] claim because of potential stigmatization from the community and damage to [her] professional reputation," and as stated above, she is concerned Detective Suchinsky's colleagues at the Philadelphia Police Department will retaliate against her personally or in connection with her son's open homicide investigation. *Id.* at 468-69. Plaintiff should not be chilled into silence or discouraged from vindicating her constitutional right to be free from a sexual assault at the hands of a Homicide Detective who was charged with investigating her son's murder.

Finally, the sixth factor favors Plaintiff, as she has no ulterior motive here; she only seeks hold those accountable for what happened to her without publicizing her identity to protect herself and exercise control over her identity. This Court should adhere to the instructive guidance of *Meglass*, and allow Plaintiff to proceed under a pseudonym in this case because she and her undersigned counsel have maintained her confidentiality with the exception of disclosing it to the City's Deputy Solicitor for purposes of their investigation to defend this matter. The ability to proceed pseudonymously is warranted in this case because this litigation will involve the disclosure of highly personal and stigmatizing information, including incidents of sexual assault and harassment.

Furthermore, though not binding on this Court, it is instructive to note that Pennsylvania courts likewise recognize the privacy interest in cases involving a "sensitive matter" where "the embarrassing, humiliating circumstances warrant the need for privacy." *See, e.g.*, *Doe v. Zarkin*, 40 Pa. D. & C.4th 100, 106-107, 1998 WL 1093460 at *4 (Com. Pl. Ct. 1998) (involving claims of sexual harassment in the workplace); *Doe v. Curran*, 45 Pa. D. & C.4th 544, 546 (Com. Pl. Ct. 2000) (allowing plaintiff-patient to proceed in litigation under a Doe pseudonym against defendant-doctor who initiated improper sexual relationship and raped her).

The factors that would ordinarily militate against proceeding under a pseudonym are, at best, neutral in this case. *Meglass*, 654 F.3d at 409. There is no legitimate public interest in the disclosure of the identity of Plaintiff, and she is not a public figure. The only possible motive behind an opposition to Plaintiff's motion to proceed pseudonymously would be to frighten her into a state of silence.

For all of the foregoing reasons, Plaintiff respectfully requests this Honorable Court grant leave to proceed under pseudonym by entering the attached order.

**V.      CONCLUSION**

Given the highly sensitive nature of this case, and the absence of any other means to adequately and effectively protect the Plaintiff's privacy interests, the Court should allow Plaintiff to proceed under a pseudonym and require the parties to maintain that confidentiality by redacting references to her name and limiting reference to her as either "Plaintiff," "Jane Doe," or "Jane Doe, L.S." in future filings with the Court.

Respectfully submitted,



BY: _____
Joshua Van Naarden, Esquire (#86740)
Daniel P. Rosner, Esquire (#327999)
Two Commerce Square
2001 Market Street Suite 3700
Philadelphia, PA 19103
(215) 960-0000
jvannaarden@vscplaw.com
drosner@vscplaw.com

*Attorneys for Plaintiff*

Dated: February 9, 2023

THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JANE DOE L.S.**, <br><br> Plaintiff, <br><br> v. <br><br> **CITY OF PHILADELPHIA,** et al., <br><br> Defendants. | CIVIL ACTION <br><br> NO. 23-0342-KSM |

### CERTIFICATE OF SERVICE

I, Angela Cherry, Paralegal, hereby certify that I caused a true and correct copy of the foregoing Plaintiff's Motion for Leave to Proceed under a Pseudonym to be served upon Defendants via U.S. Mail.



*Angela Cherry*
ANGELA CHERRY, Paralegal to
DANIEL P. ROSNER, ESQUIRE

Dated: February 9, 2023