IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JANE DOE, L.S.,** *a pseudonym*, <br><br> Plaintiff, <br><br> v. <br><br> **CITY OF PHILADELPHIA**, et al., <br><br> Defendants. | **CIVIL ACTION** <br><br> **NO. 23-0342-KSM** |

<u>MEMORANDUM</u>

**MARSTON, J.**                                                                                                                              **June 21, 2023**

On January 27, 2023, Plaintiff initiated this action under the pseudonym "Jane Doe, L.S." against the City of Philadelphia, Donald Suchinsky (a former detective with the City of Philadelphia Police Department), and multiple "Doe" supervisors and detectives. (Doc. Nos. 1, 10.) Plaintiff alleges that Suchinksy "sexually assaulted and repeatedly sexually harassed" her after being appointed as the lead homicide detective investigating the murder of Plaintiff's son, and that the City, Doe supervisors, and Doe detectives knew about Suchinksy's history of inappropriate conduct but refused address it. (Doc. No. 10 at ¶¶ 1, 5–7.) Plaintiff sues all Defendants under 42 U.S.C. § 1983. (*Id.* at ¶¶ 151–201 (Counts I–IV).) She also brings state law claims of assault, battery, and intentional infliction of emotional distress ("IIED") against Suchinsky. (*Id.* at ¶¶ 202–23 (Counts V–VII).)

Plaintiff moves for leave to proceed under pseudonym in this case. (Doc. No. 4.) The City does not oppose that motion[1] (Doc. No. 17); however, because a motion for leave to

---

[1] To date, the City is the only Defendant to enter an appearance. Suchinsky has not entered an appearance in this case, nor did he appear for the status hearing on May 16, 2023 despite being ordered to do so by the Court. (*See* Doc. No. 12.)

proceed under pseudonym intrudes on the public's right of access to judicial proceedings, the Court cannot grant the motion as unopposed without further analysis. *See Doe v. Meglass*, 654 F.3d 404, 408 (3d Cir. 2011); *see also Doe v. Princeton Univ.*, No. CV 19-7853 (BRM), 2019 WL 5587327, at *2 (D.N.J. Oct. 30, 2019) ("This Court declined to grant Plaintiff's motion for a protective order by consent and permitted Plaintiff to submit supplemental briefing addressing certain cases wherein plaintiffs either elected to proceed without pseudonyms or were denied pseudonym status.").

I. **LEGAL STANDARD**

Federal Rule of Civil Procedure 10(a) requires a plaintiff to identify the parties by their real names in the complaint. Fed. R. Civ. P. 10(a); *see also Meglass*, 654 F.3d at 408; *Doe v. Rutgers*, Civ. No. 2:18-cv-12952-KM-CLW, 2019 WL 1967021, at *1 (D.N.J. Apr. 30, 2019). "Courts have explained that [Rule 10(a)] illustrates 'the principle that judicial proceedings, civil as well as criminal, are to be conducted in public.'" *Meglass*, 654 F.3d at 408 (quoting *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997)). "Identifying parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." *Id.* (cleaned up).

"A plaintiff's use of a pseudonym 'runs afoul of the public's common law right of access to judicial proceedings.'" *Id.* at 408 (citation omitted). However, in exceptional cases, courts have permitted litigants to proceed anonymously, even though there is no explicit authority for doing so in the Federal Rules. *Id.*; *see also Doe v. Brennan*, No. 5-19-cv-5885, 2020 WL 1983873, at *1 (E.D. Pa. Apr. 27, 2020).

Examples of areas where courts have found that a limited exception exists and allowed plaintiffs to use pseudonyms include cases involving "abortion, birth control, transsexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality." *Meglass*, 654

F.3d at 408; *see also Doe v. Triangle Doughnuts, LLC*, No. 19-cv-5275, 2020 WL 3425150, at *4 (E.D. Pa. June 23, 2020). In certain cases, courts in this Circuit have also allowed victims of sexual assault to proceed under pseudonym. *See, e.g.*, *Doe v. Evans*, 202 F.R.D. 173, 176 (E.D. Pa. 2001) (granting motion to proceed under pseudonym in case where plaintiff claimed she was sexually assaulted by the defendant state trooper); *Doe v. Princeton Univ.*, 2020 WL 3962268, at *2 (D.N.J. July 13, 2020) (granting motion to proceed under pseudonym in case where the plaintiff was alleged victim of sexual assault). *But see, e.g.*, *Doe v. Oeser*, 2023 WL 1954695, at *2 (E.D. Pa. Jan. 11, 2023) (denying motion to proceed under pseudonym where the plaintiff alleged that "a drunken man slapp[ed] Ms. Doe's buttocks" because "this case is distinguishable from other cases in which courts permitted victims of sexual abuse and rape to proceed on anonymously"); *Brownlee v. Monroe Cnty. Corr. Facility*, No. 1:18-CV-1318, 2019 WL 2160402, at *3 (M.D. Pa. May 17, 2019) (denying motion to proceed under pseudonym in case where the plaintiff was alleged victim of sexual assault, because his identity was "publicly disclosed in court filings" in parallel criminal prosecution).

"District courts have the discretion to determine whether the exceptional circumstances warranting anonymity are present." *Meglass*, 654 F.3d at 408; *see also Doe v. Ct. of Comm. Pleas of Butler Cnty.*, Civil Action No. 17-1304, 2017 WL 5069333, at *1 (W.D. Pa. Nov. 3, 2017). In making such a determination, "district courts should balance a plaintiff's interest and fear [of disclosure] against the public's strong interest in an open litigation process." *Meglass*, 654 F.3d at 408. In conducting the balancing test, courts in this Circuit weigh nine, non-exhaustive factors, six of which favor anonymity and three of which favor "the traditional rule of openness." *Id.* at 409–10 (endorsing the nine-factor test first articulated in *Doe v. Provident Life & Acc. Ins. Co.*, 176 F.R.D. 464 (E.D. Pa. 1997)); *see also Doe v. Coll. of N.J.*, 997 F.3d 489,

3

495 (3d Cir. 2021).

The factors that support the use of a pseudonym include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Meglass*, 654 F.3d at 409 (quoting *Provident Life & Acc. Ins. Co.*, 176 F.R.D. at 467–68). On the other hand, factors that weigh against anonymity include:

> (1) the universal level of public interest in access to the identities of the litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.* (quoting *Provident Life & Acc. Ins. Co.*, 176 F.R.D. at 467–68).

## II.   DISCUSSION

The Court begins with the six factors supporting anonymity before turning to the three factors supporting disclosure.

### A.   Factors that Support the Use of a Pseudonym

#### 1.   Factor 1

First, the Court considers the extent to which Doe's anonymity has been preserved. This factor favors plaintiffs "who 'make substantial efforts to maintain anonymity' and '[l]imit disclosure of sensitive information to few other people.'" *Rutgers*, 2019 WL 1967021, at *2 (citation omitted). Doe claims that she has "maintained her confidentiality with the exception of

4

disclosing [her identity] to the City's Deputy Solicitor for purposes of their investigation to defend this matter." (Doc. No. 4 at ¶ 22.) Doe also notes that in her initial filings, she and "her counsel were careful to omit reference to the name of her son, or the details of his homicide (other than the date) to ensure no outsiders could uncover her identity." (*Id.* at ¶ 16.)

This is not the end of the analysis, however, because after initiating this litigation, Doe testified about the underlying harassment and assault at a preliminary hearing in the pending criminal prosecution of Suchinsky. (*See* Letter from Joshua Van Naarden, VSCPLaw, to The Honorable Karen Spencer Marston ("Letter"), at 1 (May 18, 2023).)) That hearing, including Plaintiff's testimony, was open to the public, a fact which would typically vitiate a finding that Plaintiff has kept her identity confidential. Nevertheless, the Court finds it persuasive that at the preliminary hearing, the judge "instructed members of the media and attendees not to disclose Plaintiff's identity, and further, that any public disclosure may result in a contempt order." (*Id.*) Plaintiff has not been identified by name in any court documents in that criminal case. (*Id.*)

Similarly, Plaintiff has taken steps to ensure her anonymity in a parallel civil matter that is also pending in state court. (*Id.* at Ex. C.) Indeed, the judge in that case granted Plaintiff's request to proceed under pseudonym in that action. (*See id.* (November 8, 2022 Order of Pennsylvania Court of Common Pleas decreeing that "all parties maintain the confidentiality of the identity of Plaintiff, Jane Doe L.S., through the use of this pseudonym . . . without prejudice to any party or member of the public to later request that the protective order be lifted or modified by the court").)

In short, despite being involved in three matters related to the incidents at the heart of this lawsuit, Plaintiff has consistently and admirably worked to maintain her anonymity. Accordingly, the Court finds this factor weighs in favor of allowing her to proceed under

pseudonym. *See Doe v. Oshrin*, 299 F.R.D. 100, 103 (D.N.J. 2014) ("Plaintiff's identity is not disclosed in any of the pleadings, motions, and/or exhibits in this action. In addition, Plaintiff asserts that her identity was 'kept confidential throughout the criminal proceedings.' The Court therefore concludes that the first factor favors anonymity." (internal citations omitted)); *Princeton Univ.*, 2020 WL 3962268, at *2 ("The strength of [the first] factor increase in favor of proceeding pseudonymously when a litigant has taken prior steps to ensure anonymity within the judicial system."); *Princeton Univ.*, 2019 WL 5587327, at *3 (same); *Doe v. Trishul Consultancy, LLC*, 2019 WL 4750078, at *4 (D.N.J. Sept. 30, 2019) (finding the first factor weighed in favor of anonymity in case involving sexual assault because "the only people aware of Plaintiff's identity are parties to this litigation," and notably, the plaintiff had not "willfully spoken with members of the media" about the assault or the case). *Contra. Brownlee*, 2019 WL 2160402, at *3 (the plaintiff's name was disclosed in court filings in parallel state criminal action).

    2.    **Factor 2**

Second, we consider Doe's reasons for seeking anonymity and whether those reasons are reasonable and substantial. To proceed anonymously, a plaintiff must demonstrate "'both (1) fear of severe harm, and (2) that the fear of severe harm is reasonable.'" *Meglass*, 654 F.3d at 408 (citation omitted). A plaintiff's fear that she may suffer embarrassment or economic harm does not suffice. *Id.*; *see also Doe v. Temple Univ.*, Civil Action No. 14-04729, 2014 WL 4375613, at *1 (E.D. Pa. Sept. 13, 2014).[2] Here, Plaintiff argues that the "very nature of this

---

[2] In this way, our analysis is distinguishable from the Pennsylvania cases cited by Plaintiff as recognizing a "privacy interest in cases involving a 'sensitive matter' where 'the embarrassing, humiliating circumstances warrant the need for privacy'" and anonymity. (Doc. No. 4 at ¶ 24 (quoting *Doe v. Zarkin*, 40 Pa. D. & C.4th 100, 106–07 (Pa. Ct. Comm. Pl. 1998)) (citing *Doe v. Curran*, 45 Pa. D & C.4th 544, 546 (Pa. Ct. Comm. Pl. 2000))).

case is extremely stigmatizing as it involves a sexual assault at the hands of a Philadelphia Homicide detective." (Doc. No. 4 at ¶ 17.)  Plaintiff's fear of substantial public stigmatization and backlash is reasonable given her detailed allegations of sexual assault at the hands of a law enforcement agent.[3]  *See Evans*, 202 F.R.D. at 176 ("[W]e find that plaintiff's fear of increased embarrassment, humiliation, and emotional distress should her friends and business associates learn of [the assault] is well-founded."); *Princeton Univ.*, 2020 WL 3962268, at *3–4 (finding the second factor weighed in favor of anonymity where the plaintiff was a victim of sexual assault, because "victims of sexual assault have been deemed members of a vulnerable class worthy of protected status").

### 3.     **Factor 3**

As to the third factor, we must ask: "if this litigant is forced to reveal [ ] her name, will other similarly situated litigants be deterred from litigating claims that the public would like to have litigated?"  *Meglass*, 654 F.3d at 410.  Plaintiff argues that there is a "legitimate interest in maintaining the confidentiality of a litigant who was sexually assaulted by a government official so she can vindicate her rights without fear of the repercussions in her personal, professional, or social life." (Doc. No. 4 at ¶ 18 (citing *Provident Life*, 176 F.R.D. at 468).)  This does not, however, address whether *other* individuals would be deterred from litigating similar claims if

---

[3] Plaintiff also fears that if her name is revealed, Suchinsky and his colleagues at the Philadelphia Police Department will retaliate against her by delaying any investigation into her son's murder. (Doc. No. 4 at ¶ 17.)  The Court cannot find that this fear weighs in favor of allowing her to proceed under pseudonym in the context of this case.  Plaintiff testified about the underlying harassment and assault at Suchinsky's preliminary hearing, suggesting that he, at the very least, knows her identity and the allegations she raises against him.  (*See* Letter at 1.)  In any event, if Suchinksy enters an appearance in this case, Doe will not be able to withhold her identity from him because he is a named Defendant in this lawsuit.  It is unclear whether other members of the Philadelphia Police Department also know Doe's true identity, but it is undeniable that any officer working the investigation into the homicide of Doe's son could likely determine her identity given her initials, the date of her son's murder, and Suchinsky's former designation as lead detective on the case.

Plaintiff is denied a right to proceed anonymously. Nevertheless, while some courts have expressed skepticism about whether denial in one case would deter other plaintiffs from bringing suit, *see Princeton Univ.*, 2020 WL 3962268, at *5 (stating the court was "not convinced that denying Plaintiff's motion would deter others from bringing similar suits"), at least one court in this District has found that the "public has an interest in protecting the identities of sexual assault victims so that other victims will feel more comfortable suing to vindicate their rights, especially where law enforcement officers are involved," *Evans*, 202 F.R.D. at 176. Given the power dynamics at play when a victim of sexual assault is accusing a member of law enforcement, the Court is inclined to agree with *Evans*. This factor weighs slightly in favor of anonymity.

### 4. **Factor 4**

Next, we consider whether Doe's claims are purely legal in nature, such that there is an "atypically weak public interest in knowing the litigants' identities." *Meglass*, 654 F.3d at 409 (quoting *Provident Life & Acc. Ins. Co.*, 176 F.R.D. at 467–68). This factor weighs against anonymity because this case involves significant factual questions about Suchinsy's alleged harassment and assault as well as factual questions about the City's general customs and whether the individual supervisors knew about Suchinsky's actions.[4] *See Princeton Univ.*, 2020 WL 2962268, at *4 ("The Court is not faced with a purely legal question like in *Hoffman*, and, therefore, this factor does not weigh in favor of Plaintiff's request to proceed under a pseudonym.").

---

[4] Plaintiff concedes that this case "is not of [a] purely legal nature," but argues this factor nevertheless favors her proceeding under pseudonym because she is not asking to seal the entire case and "the public can still follow what happens procedurally." (Doc. No. 4 at ¶ 19.) This argument misunderstands the nature of the Court's analysis under this factor. If it was enough for a plaintiff to state that she "does not seek to seal the case," then this factor would almost always weigh in a plaintiff's favor because virtually every plaintiff in this position is asking to proceed under pseudonym, not to seal the entire action.

### 5. Factor 5

The fifth factor concerns whether Doe will refuse to pursue this litigation if she is required to publicly identify herself. Doe has not represented that she would withdraw her claims if publicly identified. Instead, in her initial motion, she states only that she "may" fail to pursue her claims if identified and reiterates her fear of retaliation by Suchinsky. Similarly, in her supplemental letter brief, Doe states, "While [she] would prefer that her identity remain confidential, [she] will respect and oblige whatever decision [the Court] makes." (Letter at 2.) Because Doe has not stated she will withdraw her claims if her motion is denied, we find this factor weighs against anonymity.

### 6. Factor 6

Finally, because Doe does not have illegitimate or ulterior motives in proceeding anonymously, the sixth factor weighs in favor of granting her motion.

### B. Factors that Support Disclosure

We now turn to the second grouping of factors—those that generally weigh against allowing plaintiffs to use pseudonyms in judicial proceedings.

### 1. Factor 1

The first factor concerns the degree of public interest in the plaintiff's identity. The Third Circuit has "acknowledge[d] the thumb on the scale that is the universal interest in favor of open judicial proceedings." *Meglass*, 654 F.3d at 411; *see also Coll. of N.J.*, 997 F.3d at 496 ("As we have noted, the public's interest in open judicial proceedings always runs counter to a litigant's interest in anonymity—the question is whether the interest in anonymity outweighs the public's interest."). Accordingly, this factor weighs against anonymity.

### 2. Factor 2

Next, we consider whether the subject of the instant litigation heightens the public's

interest.  Plaintiff is not a public figure.  She is, however, suing a former detective with the Philadelphia Police Department as well as the City of Philadelphia, alleging that he used his position of authority to sexually harass and assault her and that the City ignored his behavior. These issues are likely to be of greater public interest than a case among purely private parties. *See Brownlee*, 2019 WL 2160402, at *3 (denying motion to proceed under pseudonym and emphasizing that the plaintiff's claims of sexual assault presented "issues of paramount public interest and importance relating . . . to the conduct of public officials" that "mitigate[d] in favor of full disclosure and transparency").  Accordingly, the Court finds this factor weighs against anonymity.

### 3. Factor 3

Last, we note that the City, which is the only Defendant to enter an appearance in this case, does not oppose Plaintiff's use of a pseudonym.  Accordingly, this factor is neutral.

### C. Balancing Test

Taken together, four factors weigh in favor of permitting Doe to use a pseudonym:  Doe's maintenance of anonymity, her reasonable fears of stigmatization and reputational harm, the potential deterrence of other victims bringing similar suits, and Doe's lack of ulterior motives. Four factors support disclosure of her identity:  the factual nature of her claims, the suggestion that she will pursue her claims even if publicly identified, the public interest in open judicial proceedings, and the public's interest in this specific case which involves allegations against the City of Philadelphia and a homicide detective with the City's Police Department.  The remaining factor is neutral.  Although an extremely close call, the Court finds that Plaintiff has overcome the strong presumption in favor of requiring parties to publicly identify themselves.  Her motion is granted.  Nevertheless, given the ongoing, parallel state civil and criminal matters, Plaintiff is cautioned that the Court may reconsider its ruling if her identity enters the public realm.

## III. CONCLUSION

Plaintiff's motion for leave to proceed under pseudonym is granted. An appropriate order follows.