IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF PHILADELPHIA, et al., <br><br> Defendants. | CIVIL ACTION <br><br> NO. 23-0342-KSM |

## ORDER

**AND NOW**, this 7th day of December, 2023, upon consideration of the parties' Joint Motion for Approval of Confidentiality Agreement (Doc. No. 29), the Court finds as follows:

1. A "party seeking a protective order over discovery material must demonstrate that good cause exists for the order." *In re Avandia Mktg. Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 671 (3d Cir. 2019) (quotation marks omitted). "Good cause means that disclosure will work a clearly defined and serious injury to the party seeking closure," and the injury "must be shown with specificity." *Id*. In determining whether good cause exists, the court considers: (1) whether the disclosure will violate any private interests; (2) whether disclosure of the information will cause a party embarrassment; (3) whether the information is being sought for a legitimate purpose or for an improper purpose; (4) whether the sharing of information among the litigants will promote fairness and efficiency; (5) whether confidentiality is being sought over information important to public health and safety; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public. *Id.* at 671–72.

2.	In their motion, the parties seek a protective order covering the confidentiality of: (1) City employee personnel files (many of which "contain mental and physical health records" along with "individuals' employment information, and other sensitive information"), (2) the City's internal affairs records, and (3) other records of internal investigations, "which may involve sensitive topics and issues relating to sexual assaults . . . pertaining to Jane Doe L.S.[,] third-party victims[, and] witnesses." (Doc. No. 29 at 4.)  The Court agrees that public disclosure of this information, and in particular, personnel files and investigatory files involving nonparties, would harm the privacy interests of the individuals discussed in the documents and is likely to cause embarrassment to nonparties.  The documents are relevant to Plaintiff's § 1983 claims and the City's defense under *Monell v. Department of Social Services*.  Therefore, the production of the documents pursuant to a protective order will promote fairness and efficiency during discovery.  In addition, given the sensitive nature of the information contained in the investigatory files, in particular, the public interest weighs in favor of preventing disclosure—it is likely that free disclosure "could discourage future complainants and witnesses from coming forward." *McCowan v. City of Philadelphia*, 2021 WL 1193241, at *5 (E.D. Pa. Mar. 30, 2021).

3.	The parties concede, and the Court finds, that the remaining two factors, weigh against entry of a protective order.  (*See* Doc. No. 29 at 5.)  This lawsuit, which alleges a member of the Philadelphia Police Department groomed and assaulted the mother of a homicide victim, surely involves issues that are important to the public.  And the City is a public entity.  Nevertheless, the Court finds that these factors do not outweigh the other factors which favor maintaining the confidentiality of the personnel and investigatory files that will be exchanged during discovery.

4.	Having weighed the public and private interest factors, the Court finds good cause for entering the Confidentiality Agreement.  (Doc. No. 29-1.)  *See Miles v. Boeing Co.*, 154 F.R.D. 112, 115 (E.D. Pa. 1994) (ordering production of the personnel file of plaintiff's replacement "subject to a protective order" under Rule 26(c)); *McCowan*, 2021 WL 1193241, at *5 (finding "good cause exists for entering a protective order over [the City's internal] investigatory files"); *Rosenblit v. City of Philadelphia*, Civil Action No. 20-3121-KSM, 2021 WL 288887, at *6 (E.D. Pa. Jan. 28, 2021) (granting protective order over employee personnel files).

For those reasons, it is **ORDERED** that the motion is **GRANTED**, and the Confidentiality Agreement (Doc. No. 29-1) is **APPROVED**.  Nothing in this Order authorizes the filing of any document under seal.  Any party may request by motion that the Court order materials or documents designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" be filed with the Court under seal.  Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to issue orders concerning the disclosure of documents produced in discovery or at trial.

**IT IS SO ORDERED.**

/s/*Karen Spencer Marston*
_____
KAREN SPENCER MARSTON, J.