IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JANE DOE, L.S.**, *a pseudonym*, <br><br> Plaintiff, <br><br> v. <br><br> **CITY OF PHILADELPHIA**, *et al.*, <br><br> Defendants. | CIVIL ACTION <br><br> NO. 23-0342-KSM |

**ORDER**

**AND NOW** this 19th day of August, 2025, upon consideration of the parties' July 25, 2025 letter discussing their dispute about the appropriate scope of *Monell* discovery (Doc. No. 54), and following a status conference on July 30, 2025, it is **ORDERED** that Defendant City of Philadelphia shall produce *Monell* discovery from all Detective Divisions and/or Units.[1]

**IT IS SO ORDERED.**

/s/*Karen Spencer Marston*
_____
KAREN SPENCER MARSTON, J.

---

[1] The parties previously agreed that "the City will produce all requested classifications of misconduct taking place during the prescribed *Monell* temporal scope of November 2015 to November 2020." (Doc. No. 54 at 2.) The only remaining disagreement was "which PPD Divisions fall within the scope of *Monell*." (*Id.*) Plaintiff argues that "*Monell* discovery should include not only the Homicide Unit" and Northwest Division where Defendant Suchinsky was assigned, but also, "other Detectives Divisions and/or Units" at the Philadelphia Police Department (PPD). (*Id.*) Plaintiff asserts that this broader scope is appropriate because Plaintiff has alleged "PPD-wide patterns, practices, and customs." (*Id.*) The City disagrees, arguing that misconduct in other divisions is irrelevant "because Suchinsky was not assigned to any other PPD division or unit during the relevant *Monell* temporal scope." (*Id.*) The Court agrees with Plaintiff. As the Court explained in the Memorandum denying the City's motion to dismiss the *Monell* counts, Plaintiff's "Amended Complaint identifies numerous examples of police officers who, like former-Detective Suchinsky, 'groomed and sexually assaulted' individuals involved in their investigations or over whom they had positions of power." *Doe v. City of Philadelphia*, Civ. Action No. 23-0342-KSM, 2023 WL 5246307, at *14 (E.D. Pa. Aug. 15, 2023). Plaintiff then gave numerous examples of "PPD employees using their positions of power to further their crimes—sexually assaulting victims and witnesses or committing crimes while on-duty." *Id.* at *15 n.6. "Taking these allegations as true" the Court found "Plaintiff's allegations sufficiently state[d] a claim for municipal liability based on

---

an unconstitutional custom." *Id.* at *15. Because the alleged custom stretches across the PPD, it would be inappropriate to limit *Monell* discovery to the units in which Suchinsky worked as a detective. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."); *Fort Wash. Resources, Inc. v. Tannen*, 153 F.R.D. 78, 80 (E.D. Pa. 1994) (explaining that "[r]elevant matter encompasses any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case" and the "question of relevancy is to be more loosely construed at the discovery stage than at the trial") (quotation marks omitted).