## IN THE UNITED STATES DISTRICT COURT,
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JANE DOE, L.S., a pseudonym,**<br><br>                              Plaintiff,<br><br>  **v.**<br><br>**CITY OF PHILADELPHIA, et al.**<br><br>                              Defendants. | **CIVIL ACTION**<br><br>**JURY TRIAL DEMANDED**<br><br>**CASE NO.: 2:23-cv-00342-KSM**<br><br>Assigned Judge:<br>Honorable Karen S. Marston |

## <u>PROPOSED ORDER</u>

    **AND NOW**, this _____ day of _____, 2023, upon consideration of Plaintiff's Motion for Default Judgment Against Donald Suchinsky, it is **ORDERED** that pursuant to Federal Rule of Civil Procedure 55(b), the Court hereby **ENTERS DEFAULT JUDGMENT** against Defendant, Donald Suchinsky, for failure to file a responsive pleading to the Complaint.

    It is further **ORDERED** that a damages hearing will take place at a later date to be determined by the Court upon motion by Plaintiff.

**BY THE COURT:**

_____, J.

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Bower v. O'Hara*, 759 F.2d 1117, 1127-29 (3d Cir. 1985)........................................................10

*Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) ...................................................8

*Cooney v. Dunner*, 2017 WL 3776565, at *3 (E.D. Pa. Aug. 31, 2017)......................................9

*Diaz v. Sunrise Groups, LLC*, 2024 WL 3540981 at *3 (E.D. Pa. July 24, 2024)......................8

*Grove v. Rizzi 1857 S.P.A.*, 2013 WL 943283 at *2 (E.D. Pa. Mar. 12, 2013)..........................8

*In re Grand Jury*, 286 F.3d 153, 160 (3d Cir. 2002) ...............................................................12

*In re Terrorist Attack on Sept 11, 2001*, 2004 WL 1348996, at *1 (S.D.N.Y. June 14, 2004)....6

*Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp.3d 261, 271-72 (E.D. Pa. 2014 .................10

*Kelly M. v. Luzerne Intermediate Unit*, 71 F. App'x 116, 118 (3d Cir. 2003)..........................12

*Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997) .........................................................9

*Serv. Emps. Int'l Union v. ShamrockClean, Inc.*, 325 F. Supp.3d 631, 635 (E.D. Pa. 2018) ......8

*State Farm Fire & Cas. Co. v. Hunt*, 2015 WL 1974772 at *5 (E.D. Pa. May 4, 2015)...........14

*Zurich Am. Ins. Co. v. Gutowski*, 644 F. Supp. 3d 123, 139-40 (E.D. Pa. 2022)........................9

**Statutes**

18 Pa. C.S.A. §3126(2) ..............................................................................................................11

FED R.C.P. 4(e)(1) ........................................................................................................................6

FED R.C.P. 55(b) ...........................................................................................................................6

Pa. R.C.P. 402(a)(ii).......................................................................................................................6

# TABLE OF CONTENTS

I.  MATTER BEFORE THE COURT ........................................................................ 1

II.  QUESTIONS PRESENTED ............................................................................. 1

III.  FACTUAL AND PROCEDURAL BACKGROUND ........................................ 1

IV.  ARGUMENT ..................................................................................................... 6

   A.  Plaintiff Has Complied With All of the Prerequisites for Default Judgment Against Defendant Pierce. ........................................................................................................ 6

   B.  The Chamberlain Factors Clearly Militate In Favor Of Entering A Default Judgment Against Suchinsky ........................................................................................................ 7

     1)  Plaintiff Would Suffer In The Absence Of A Default Judgment ................................... 8

     2)  There Is No Litigable Defense Available to Suchinsky .................................................. 9

     3)  Suchinsky Bears Culpability in Refusing to Respond to this Action Notwithstanding Numerous Opportunities Afforded to Him by this Court. ....................................................... 12

V.  CONCLUSION ................................................................................................. 15

**IN THE UNITED STATES DISTRICT COURT,**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JANE DOE, L.S., a pseudonym,**<br><br>                              Plaintiff,<br><br>     **v.**<br><br>**CITY OF PHILADELPHIA, et al.**<br><br><br>                              Defendants. | **CIVIL ACTION**<br><br>**JURY TRIAL DEMANDED**<br><br>**CASE NO.: 2:23-cv-00342-KSM**<br><br>Assigned Judge:<br>Honorable Karen S. Marston |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT,**
**DONALD SUCHINSKY PURSUANT TO FED. R.C.P. 55(B)**

## I.    MATTER BEFORE THE COURT

Plaintiff's Motion for Default Judgment Against Defendant, Donald Suchinsky, pursuant to Federal Rule of Civil Procedure 55(b).

## II.    QUESTIONS PRESENTED

Should the Court enter default judgment against Suchinsky who, despite valid service and actual notice of this proceeding against him, has failed to appear, file a responsive pleading, or otherwise defend himself as required by the Federal Rules of Civil Procedure?

**Suggested Answer: Yes.**

## III.    FACTUAL AND PROCEDURAL BACKGROUND

This federal civil rights and state tort action arises out of the deplorable conduct of Defendant, Donald Suchinsky who sexually assaulted Plaintiff, L.S., the surviving mother of a homicide victim whose murder he was investigating.  Defendant Suchinsky then engaged in an appalling, persistent, and traumatizing campaign of sexual harassment directed at Plaintiff. On

1

January 27, 2023 Plaintiff commenced this action against Suchinsky, the City of Philadelphia, and various supervisors, detectives, and officers who worked for the Philadelphia Police Department.[1] *See* Complaint, ECF Doc. 1.  Subsequently, Plaintiff filed an Amended Complaint against Defendants.  *See* Amended Complaint, ECF Doc. 10.  Plaintiff asserts claims against All Defendants for civil rights violations under 42 U.S.C. §1983.  The factual allegations and legal claims advanced in this case are extensively discussed in the Court's Memorandum Opinion dated August 15, 2023 denying the City's Motion to Dismiss.  *See* Court Order and Memorandum Opinion dated August 15, 2023, ECF Docs. 24-25.  Earlier this summer, Suchinsky pled guilty to Indecent Assault and Official Oppression two years after being charged for his sexual assault of Plaintiff and related offenses.[2]

Relevant to this Motion, Plaintiff's claims against Suchinsky include causes of action for the violation of her bodily integrity and for a state-created danger – which are constitutionally protected as this Court previously recognized by the Court.   *See* Judge Marston's Memorandum Opinion, ECF Doc. 24 at 14 (stating, "Plaintiff's allegations, if true, show that Suchinsky's conduct amounts to a 'conscious disregard of a substantial risk of harm.'").   In addition, the Court succinctly characterized the context and depravity of the misconduct at issue as follows: "Suchinsky's course of sexual abuse, including the daily sexual harassment and the November sexual assault, all of which occurred in the context of his official investigation into the murder of Plaintiff's son." *Id.*

Plaintiff served Suchinsky with the Complaint and a Summons by personally handing him

---

[1] On September 10, 2025, the Court issued an Order approving a Stipulation and granting Plaintiff's Unopposed Motion for Leave to File a Second Amended Complaint, for the purpose of substituting individuals in the place of the "Doe Defendants".  *See* Court Order, ECF Doc. 60.

[2] Suchinsky also pled guilty to the same offenses in a related case involving a second female victim.

these papers at his home in Hatboro, Pennsylvania while he was on bail during the course of the criminal case. *See* Plaintiff's Request for Default, ECF Doc. 49 at ¶3 & "Exhibit A" thereto. Suchinsky never responded to the Complaint or the Amended Complaint, and on September 8, 2023, this Honorable Court issued an Order in this case partially staying the action and discovery as to Suchinsky while he defended himself in the related criminal prosecution. *See* Court Order, ECF Doc. 28. Between September 2023 and June 2025, the Court ordered the parties to provide status reports regarding the underlying criminal case against Suchinsky periodically, and following each report, continued the partial stay until Suchinsky's criminal matter concluded earlier this year. *See* Status Reports from Counsel of Record and Corresponding Court Orders issued by Judge Marston, ECF Docs. 33-34, 36-37, 38-39, 44, 45-46. Throughout the litigation, this Court mailed out notices to Suchinsky regarding various filings, court events, Orders, and other docket entries over a dozen times since he was originally served with process by Plaintiff. *See* Plaintiff's Request for Default, ECF Doc. 49 at ¶8.

On April 14, 2025, Suchinsky pled guilty to the charges related to the sexual assault of Plaintiff and another woman, which were premised upon the following facts read into the record by the Philadelphia District Attorney's Office during Suchinsky's guilty plea colloquy:

> So had this case gone to trial, the Commonwealth would have shown that on November 2nd, 2020, Quadir Sheaff was murdered in Philadelphia, and the defendant, former Homicide Detective Donald Suchinsky was assigned to that case to investigate. The complainant is the mother of Quadir, and she met the defendant the next day through that investigation. On November 14th, 2020, the complainant went to the Police Administration Building on the 700 block of Race Street to give a statement, and after that the defendant and the complainant continued to communicate over email and by phone regarding the investigation. On November 20th, 2020, the complainant came back to the Police Administration Building to help encourage a witness to provide information to the defendant. When the complainant arrived, the defendant got into her car and told her to drive around so he could give her directions of where she could park her car. The defendant discussed his skills as a homicide detective until they got to the middle of a block nearby, where the defendant reached over and began grabbing the complainant's

breasts under her clothes without her consent. The defendant then reached down and groped the complainant's vagina and penetrated her with his fingers. And then for approximately the next three months, the defendant continued to have inappropriate communications with the complainant by email and by phone. On November 30th, the defendant told the complainant to email him through his personal email, Don.sky621@yahoo.com, and began sending emails from his personal account to the complainant. Those full email exchanges will be attached as exhibits to the Commonwealth's sentencing memorandum, but examples include the defendant saying that he liked the complainant's voice, repeatedly asking her for pictures, repeatedly indicating that he wanted to meet her for reasons unrelated to the investigation, and sending multiple emails that the complainant did not respond; sometimes up to seven or more in a  row, and asking the complainant if she was scared to be around him or angry with him when she did not respond. These emails and phone calls from the defendant ended after the complainant was contacted by internal affairs, and Quadir's murder remains unsolved.

*See* **Exhibit A**, Suchinsky Guilty Plea Colloquy at 12-14.

After his guilty plea, Suchinsky appeared for sentencing on June 26, 2025 before the Honorable Giovanni O. Campbell, who sentenced Suchinsky to an aggregate term of 6.5 to 13 years in state prison. Suchinsky did not move to withdraw his guilty plea or file a notice of appeal with the Pennsylvania Superior Court. After sentencing, Suchinsky was transported to SCI Smithfield and recently transferred to SCI Camp Hill where he is currently held.

On July 10, 2025, due to Defendant Suchinsky's failure to file an answer, plead, contact undersigned counsel or otherwise appear to defend himself in this action, Plaintiff filed a Request for Entry of Default against Defendant Suchinsky. *See* Plaintiff's Request for Entry of Default, ECF Doc. 49.  On July 15, 2025, the Clerk entered Default against Suchinsky for failure to plead or otherwise defend himself.  *See* Entry of Default, ECF Doc. 51.   The Clerk has forwarded the default entry to Suchinsky on July 16, 2025.   In addition, Plaintiff has served him with the underlying Summons, Complaint, Amended Complaint, and Request for Entry of Default. Plaintiff is also contemporaneously serving Suchinsky with this Motion.   *See* **Exhibit B,** Plaintiff's Correspondence to Suchinsky Serving Default Papers.  The Court also served Suchinsky with these

legal papers evidencing the default proceedings presently before the Court. *See* Court Order, ECF Doc. 61; *see also* Docket Entry dated August 15, 2025 (mailing the Request for Default, the Entry of Default, Court Order and other papers relating to default, to Suchinsky at SCI-Camp Hill).

On July 30, 2025, this Court *sua sponte* issued an Order requiring the City to inform Suchinsky's criminal defense attorney, Charles Gibbs Esquire, about an anonymous letter written by an unidentified third party to identify who sent it to the Court, and whether Suchinsky actually intended on defending himself in this action. *See* Court Order, ECF Doc. 58. The next day, the City's counsel forwarded the anonymous letter to Attorney Gibbs, who acknowledged receipt. *See* **Exhibit C,** July 31, 2025 Email from Attorney Gibbs. Now, nearly six weeks later, there is still no answer to the questions raised by the Court's July 30, 2025 Order about "who authored the letter on Suchinsky's behalf," and whether "Suchinsky wishes to enter an appearance in this action either through counsel or on his own behalf." *See* Court Order, ECF Doc. 58.

As explained below, Plaintiff has satisfied all of the prerequisites for a default judgment. Both Plaintiff and this Honorable Court have afforded Suchinsky opportunities to file a responsive pleading, retain counsel, or otherwise attempt to defend himself in this case, and he has failed to do so since the inception of this case over 2.5 years ago. Accordingly, it is respectfully submitted the Court should enter Default Judgment in this case.

IV.    **ARGUMENT**

Despite lawful service of process of the relevant pleadings in this case over 2.5 years ago, and his actual and ongoing knowledge of this litigation, Defendant Donald Suchinsky has completely failed to answer the complaint or appear before this Court to defend himself.   Having satisfied all of the procedural prerequisites to obtaining default judgment against Suchinsky, it is respectfully requested that the Court enter default judgment against Suchinsky because (a) Plaintiff will be prejudiced without a default judgment, (b) Suchinsky has not litigable defense to the claims at issue, and (c) Suchinsky bears culpability in electing not to plead or otherwise respond to this case.  Accordingly, there is only one logical conclusion to reach: default judgment is appropriate and necessary in this case.  Therefore, Plaintiff respectfully requests the Court grant this Motion and enter the attached Order Judgment against Suchinsky.

A.    **Plaintiff Has Complied With All of the Prerequisites for Default Judgment Against Defendant Pierce.**

Federal Rule 55(b) of the Federal Rules of Civil Procedure provides for entry of default judgment against a defendant who has not appeared and who is neither a minor nor an incompetent person.  *See* FED R. C. P. 55(b) .   Suchinsky has not appeared to defend this action despite proper service.  FED R.C.P. 4(e)(1) (authorizing service by following the law of the state where the district court is located or where service is made); Pa. R.C.P. 402(a)(ii) (permitting service "by handing a copy at the residence of the defendant to the clerk or manager of the…other place of lodging at which he resides."); *In re Terrorist Attack on Sept 11, 2001*, 2004 WL 1348996, at *1 (S.D.N.Y. June 14, 2004) ("Delivery of a summons and complaint to a prisoner by a prison employee is considered effective service on that prisoner.").

Here, Plaintiff served Suchinsky with a copy of the Original Complaint and Summons by delivering same to him at his personal residence.  *See* Plaintiff's Request for Default, ECF Doc.

49 at ¶3. Suchinsky has never filed anything responding to the Complaint, the Amended Complaint, or the score of legal documents, notices, and Court Orders[3] issued by this Honorable Court. *Id.* ¶8. Accordingly, this matter is ripe for consideration of the instant motion for default judgment because Plaintiff has properly effectuated service on Suchinsky, obtained an Entry of Default under Rule 55(a), and has since placed Suchinsky on notice of these default proceedings. *See* **Exhibit B**.

Based on the foregoing, Plaintiff complied with the applicable Rules of Civil Procedure for service of Suchinsky in this case. Despite being aware of this litigation for literally years, he has elected not to defend himself in this case. Plaintiff and her counsel have done all that is required by the Rules and the Court should therefore issue the attached proposed Order entering Default Judgment against Suchinsky. The Court should infer from Suchinsky's silence over literally years, and now months after his criminal conviction in which he pled guilty to the offenses and apologized in open court to Plaintiff, L.S., and the other female victim/survivor for sexually assaulting them. Therefore, the Court should enter default, as explained below.

B. **The Chamberlain Factors Clearly Militate In Favor Of Entering A Default Judgment Against Suchinsky.**

Federal Rule of Civil Procedure 55(b)(2) provides this Honorable Court with discretion to enter a default judgment against a defendant in cases where the plaintiff's claim is not for a sum certain, and may conduct hearings or make referrals while preserving a federal right to a jury trial in order to competently enter or effectuate judgment based on an accounting, determination of damages, evaluation of evidence, or other investigation into any other matter. *See* FED R. C. P.

---

[3] This includes the Court's lifting of the partial stay in this case pending the outcome of the Suchinsky criminal case, and more recently this Court's proactive effort to determine whether he would defend himself in this case. *See* Court Orders, ECF Doc. 28 & 58.

55(b)(2). Three factors inform whether default judgment should be granted: (1) prejudice to the plaintiff if default judgment is denied; (2) the availability of a litigable defense; and (3) the defendant's culpability for the delay. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). In evaluating these factors, the Court accepts as true all of the plaintiff's factual allegations except for those related to damages. *Serv. Emps. Int'l Union v. ShamrockClean, Inc.*, 325 F. Supp.3d 631, 635 (E.D. Pa. 2018). For the reasons stated below, it is respectfully submitted the Court should grant this motion.

### 1) <u>Plaintiff Would Suffer In The Absence Of A Default Judgment.</u>

First, Plaintiff will suffer prejudice if the Court denies Plaintiff's motion because at this stage, there is no valid reason for Suchinsky's ongoing refusal to respond to the Complaint, appear in this litigation, retain counsel, or defend himself. This Honorable Court has held that delays caused by a defendant's silence similar in duration and nature to the present matter, where a defendant refuses participation in a case for approximately three years despite valid service, results in prejudice to the plaintiff. *See Diaz v. Sunrise Groups, LLC*, 2024 WL 3540981 at *3 (E.D. Pa. July 24, 2024) (citing cases, including *Grove v. Rizzi 1857 S.P.A.*, 2013 WL 943283 at *2 (E.D. Pa. Mar. 12, 2013) (explaining that "considerable delays—including ones that 'can stretch indefinitely'—do impair a plaintiff's ability to effectively pursue her claim.")). Plaintiff here is left with no other recourse against Suchinsky but a default judgment. Suchinsky's failure to respond to the Complaint or file an appearance to defend himself prevents her from litigating the matter and recovering what is due on the civil rights claims presented. Therefore, the denial of this motion would continue to cause unwarranted, further delay and resultant prejudice. The sole remedy is to grant the instant Motion.

The criminal prosecution of Suchinsky related to his crimes committed against Plaintiff (and one other victim) is complete, and this Court lifted the partial stay of the litigation which was

dictated by the criminal prosecution of Suchinsky. Now, he has conclusively pled guilty to those offenses, has been sentenced in accordance with his guilty plea, and is in state custody at SCI-Camp Hill. His conviction and incarceration notwithstanding, there is no excuse for further delay. *Cooney v. Dunner*, 2017 WL 3776565, at *3 (E.D. Pa. Aug. 31, 2017) (holding default judgment was proper, and incarceration did not render civil defendant incompetent or excuse him from participating in civil proceedings); *see also Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997) (stating that prisoners have no constitutional or statutory right to appointment of counsel in a civil case). Thus, if the Court does not enter judgment against Suchinsky for refusing to answer the Complaint, the Court would essentially allow Suchinsky to undo his admission to the factual basis of his guilty plea which, as explained further below, forms the very basis of this civil rights action. Moreover, in the related state court action, on March 31, 2023, the Court entered default judgment against Suchinsky for failure to file an answer within the required time.[4] Accordingly, Plaintiff should be permitted to proceed with depositions and the pleadings should be closed so Plaintiff can litigate this matter with clarity regarding Suchinsky's response (or lack thereof) to the facts set forth in this action.

### 2)  There Is No Litigable Defense Available to Suchinsky.

Second, there is no litigable defense available to Suchinsky with respect to the claims of assault, battery, or intentional infliction of emotional distress because there is no dispute that he engaged in the conduct at issue. The Court should presume that Suchinsky has no meritorious defense based on his failure to appear or defend himself at any stage of this case – including before, during, or even months after the conclusion of the criminal case. *See Zurich Am. Ins. Co. v. Gutowski*, 644 F. Supp. 3d 123, 139-40 (E.D. Pa. 2022) (holding that the defendant had no

---

[4] Inasmuch as the state court case entered a default judgment against Suchinsky, anything other than the entry of default judgment against Suchinsky in this case would produce lack of comity in how courts are dealing with Suchinsky's failure to appear and refusal to respond to litigation filed by Plaintiff against him.

"plausible argument" that he used the truck at the time of the accident in part because he pled

guilty to a related offense in an underlying criminal case).  In the context of a defendant who does

not answer the action, "it is not the court's responsibility to research the law and construct the

parties arguments for them", including whether a defaulting defendant has a litigable defense.  *Joe*

*Hand Promotions, Inc. v. Yakubets*, 3 F. Supp.3d 261, 271-72 (E.D. Pa. 2014).

Here, the Court does not need to do any research, and should look no further than its own

Court Order denying Defendant, City of Philadelphia's Motion to Dismiss.  In Judge Marston's

Memorandum Opinion, the Court explicitly stated the following regarding to the claim against

Suchinsky for violation of Plaintiff's substantive due process right to bodily integrity:

> Plaintiff's allegations, if true, show that Suchinsky's conduct amounts to a
> "conscious disregard of a substantial risk of harm." … Suchinsky's course of sexual
> abuse, including the daily sexual harassment and the November sexual assault, all
> of which occurred in the context of his official investigation into the murder of
> Plaintiff's son.

*See* Judge Marston's Memorandum Opinion, ECF Doc. 24 at 14.

Thus, the Court has already determined that Plaintiff's claims against Suchinsky have legal

merit, and the failure to file an answer or otherwise plead or respond to Plaintiff's allegations and

claims (much less any semblance of an appearance or attempt to defend himself in this Court),

demonstrates Suchinsky's lack of a litigable defense to this action.  Indeed, Suchinsky should be

legally estopped from even challenging the facts of this case given that he admitted to the sexual

misconduct in question on the record during his guilty plea colloquy earlier this year.  *E.g.*, *Bower*

*v. O'Hara*, 759 F.2d 1117, 1127-29 (3d Cir. 1985) (Sloviter, C.J., concurring in part) (discussing

the concept of estoppel and citing American case law conclusively supporting the notion that "a

defendant who pled guilty in an earlier criminal action has been estopped in subsequent civil

actions against other parties from contesting the facts that were essential elements in the criminal

action."). In the underlying criminal prosecution, Suchinsky pled guilty to the offense of Indecent Assault by Forcible Compulsion, which is defined as follows:

> A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and[…] the person does so by forcible compulsion[.]

18 Pa. C.S.A. §3126(2).

Based on the elements of Indecent Assault by Forcible Compulsion, and the evidence that the Philadelphia District Attorney's Office intended to present at trial as discussed at Suchinsky's guilty plea colloquy, the factual predicates of his guilty plea establish that he committed the very acts of misconduct which lie at the crux of this case. Suchinsky admitted to sexually assaulting Plaintiff by indecently contacting her for the purpose of arousing sexual desire. At Suchinsky's guilty plea hearing, the criminal trial judge reviewed the concept of a Guilty Plea Colloquy with Suchinsky and then the District Attorney's Office verbally summarized "the conduct [Suchinsky] will be admitting to by pleading guilty," which included Suchinsky's sexual assault (digital penetration), , along with the related campaign of sexually harassing her through his inappropriate communications and improper relationship that he pursued over the phone and by email. **Exhibit A** at 11. The Court accepted the factual basis proffered by the Commonwealth, *see id.* at 12-15, and further found that Suchinsky knowingly and voluntarily pled guilty to the Indecent Assault and Official Oppression on those facts. *Id.* at 15. Thus, in addition to his <u>choice</u> not to answer this action, the criminal conviction (which qualifies as a judgment with estoppel effect in the present matter) of Suchinsky as guilty should establish that Suchinsky has no plausible defense against the factual allegations against him in this case.

Finally, Plaintiff anticipates that at a deposition in this matter, Suchinsky may still invoke his Fifth Amendment privilege against self-incrimination to the extent there is a possibility that further testimony in this matter may incriminate him regarding crimes that were not yet prosected, or with respect to victims or survivors of his misconduct who have not yet come forward. This would give rise to an adverse inference of liability in this matter. *In re Grand Jury*, 286 F.3d 153, 160 (3d Cir. 2002) ("We have held that 'reliance on the Fifth Amendment in civil cases may give rise to an adverse inference against the party claiming its benefits.'"). This circumstance further shows that Suchinsky would have no legal defense in this case. Therefore, there can be no doubt that Suchinsky has no ability of lodging any legally cognizable defense against Plaintiff's claims. In the absence of any litigable defense for Suchinsky, the second factor unequivocally weighs in favor of entering default judgment, and Plaintiff respectfully submits this motion for default judgment should be granted.

### 3) Suchinsky Bears Culpability in Refusing to Respond to this Action Notwithstanding Numerous Opportunities Afforded to Him by this Court.

Finally, with respect to the third *Chamberlain* factor, there can be no doubt Defendant Suchinsky is culpable for failing to file a responsive pleading in this case. Under precedent from the Third Circuit, a party's failure to respond to several personal notices from a plaintiff's attorney or to appear at several hearings is evidence of culpability. *See Kelly M. v. Luzerne Intermediate Unit*, 71 F. App'x 116, 118 (3d Cir. 2003). Not only has Plaintiff's counsel served Suchinsky with legal papers notifying him of this litigation, including the matter before the Court concerning a default against him, but the Court itself routinely mails him notifications about the happenings of this case both before and after his incarceration, including as recently as August 15, 2025. *See* **Exhibit B**; *see also* Plaintiff's Request for Entry of Default ¶¶3, 6-8; *see also* Court Order, ECF

Doc. 61 (directing the Clerk's Office to mail copies of the Request for Default, the Entry of Default, Counsel's Letter and a Court Order to Suchinsky at the SCI Camp Hill facility).

As a former police officer and Homicide Detective, Suchinsky is well-versed in how a court system operates.  He is fully aware of this litigation, was served with all papers related to this action, and knows about the obligation to respond to a summons.  Further, this Court has gone above and beyond the call of duty in affording protections to Mr. Suchinsky by partially staying the litigation while he defended himself in the criminal case.  Yet, even after Suchinsky's guilty plea, conviction, and sentencing, he has chosen to remain silent in the face of this action.  Still, this Court gave him another chance to defend himself when it issued an order directing his criminal defense attorney to assist the parties and the Court in determining whether Suchinsky actually intends to defend himself in this case.  Specifically, in its July 30, 2025 Order, the Court took the extraordinary measure of directing the City to provide a copy of the Order and the corresponding anonymous letter dated July 22, 2025 to Charles Gibbs, Esquire (Suchinsky's defense attorney in the underlying criminal case).  *See* Court Order, ECF Doc. 58.  The Court's herculean attempt to prompt Suchinsky's participation in this case unfortunately proved futile.  Mr. Gibbs acknowledged receipt of the Order; however, to date, there has been no identification of the author of the July 22, 2025 letter, there have been no further submissions either by Suchinsky or on his behalf, and no counsel of record has entered an appearance for him.  In short, in the five weeks since the Court's July 30, 2025 Order, there has been no determination or affirmation that Suchinsky actually wants to defend himself.  An anonymous individual should not slow the wheels of justice on Plaintiff's case against Suchinsky.  The Court should find Suchinsky's silence to be especially compelling given the significant time and opportunities that have been afforded to him.

As this Court has explained against the backdrop of a defendant who refuses to offer any reason for an ongoing failure to respond to an action, Suchinsky's refusal to participate in this litigation should qualify as culpable in and of itself, "for the Court to conclude otherwise would be to reward the recalcitrant or the oppositional and uncooperative." *State Farm Fire & Cas. Co. v. Hunt*, 2015 WL 1974772 at *5 (E.D. Pa. May 4, 2015). In this instance, Suchinsky's failure to answer or otherwise plead cannot be viewed as anything but an affront to the efforts of the Court and the parties to move this case forward. Plaintiff's right were violated in this case due in large part to the deliberate indifference of Suchinsky to her bodily integrity. The Court should not ratify his deliberate indifference to these proceedings. Therefore, the Court should find that Suchinsky's silence further demonstrates his assent to the entry of judgment against him to avoid further delay and provide some certainty in the posture of the claims against Suchinsky. The Court should therefore grant this Motion and enter Default Judgment against Suchinsky.

## V.    <u>CONCLUSION</u>

It is clear in this case that after pleading guilty to the crimes committed against Plaintiff, Defendant Donald Suchinsky has no intention of participating in the litigation filed against him. Suchinsky has been lawfully served with the relevant pleadings, along with the Request for Default, the Entry of Default, and the pending Motion for Default Judgment.   Plaintiff has complied with all of the rules attending default proceedings, and Suchinsky has simply chosen not to participate in this case even after being provided with multiple opportunities to do so over the past few months following his sentencing and incarceration.   Since early 2023, Plaintiff patiently waited for the criminal matter to conclude and is now prepared to move forward with her civil case.   Having satisfied all of the procedural requirements for a default judgment, the Court should grant this motion based on the *Chamberlain* factors discussed above.   First, in the absence of a default judgment, Plaintiff will clearly suffer material prejudice as the claims against Suchinsky drag out without a responsive pleading.   Second, the Court already found Plaintiff's claims are legally sufficient to withstand the City's Motion to Dismiss, and given Suchinsky's guilty plea and failure to respond, it is manifestly evident that he has no litigable defense to offer in this case, even if he wanted to defend the matter.   Indeed, he can and should be estopped from defending this case given his failure to respond and the guilty plea to a criminal offense which completely overlaps with the claims asserted in this case.   Third, as Suchinsky has willingly refused to participate in this litigation despite being provided all of the notice required by Plaintiff, and many court notices, mailing, and orders by the Clerk's Office, he clearly bears culpability in the failure to appear in this matter.   For all of the reasons stated herein, the Court should not permit Suchinsky to further drag out this litigation against him.   Accordingly, Plaintiff respectfully submits the Court should enter Default Judgment against Defendant, Donald Suchinsky, by entering the attached proposed

Order.

Respectfully submitted,



BY:

JOSHUA VAN NAARDEN, ESQUIRE
DANIEL ROSNER, ESQUIRE
MEREDITH ZEITZER, ESQUIRE
*Attorneys for Plaintiff*

Dated: September 10, 2025

EXHIBIT "A"

# First Judicial District of Pennsylvania

*51CR00029182023, 51CR00052212023*
*Donald Suchinsky*

---

*Guilty Plea Volume 1*
*April 14, 2025*



---

*First Judicial District of Pennsylvania*
*100 South Broad Street, Second Floor*
*Philadelphia, PA 19110*
*(215) 683-8000   FAX:(215) 683-8005*

*Original File CW^V^SUCHINSKY^041425.txt, 18 Pages*
*CRS Catalog ID: 25040845*



**Page 1**

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

- - -

COMMONWEALTH        :
                    :
    VS.             :
                    :
                    :
DONALD SUCHINSKY        : CP-51-CR-0002918-2023
                        : CP-51-CR-0005221-2023

- - -

April 14, 2025

- - -

Courtroom 707 - Juanita Kidd Stout Center for
Criminal Justice
Philadelphia, Pennsylvania

- - -

BEFORE:  THE HONORABLE GIOVANNI O. CAMPBELL, J.

- - -

GUILTY PLEA

- - -

**Page 2**

APPEARANCES:

PARKER NELSON, ESQUIRE
CHRISTOPHER RUDOLPH, ESQUIRE
Assistant District Attorney
For the Commonwealth

CHARLES GIBBS, ESQUIRE
Counsel for the Defendant

**Page 3**

(Hearing commenced.)

THE COURT:  All right.  Let's swear in the defendant, please.

COURT OFFICER:  Sir, please state your full name; spell your last name.

THE DEFENDANT:  Donald Jeffrey Suchinsky; S-U-C-H-I-N-S-K-Y.

(Whereupon, the defendant was duly sworn/affirmed.)

COURT OFFICER:  Counsel, for the record.

MR. GIBBS:  Good morning, Your Honor. May it please the court.  Charles Gibbs on behalf of the defendant.

MR. NELSON:  Good morning, Your Honor. Parker Nelson for the Commonwealth.

MR. RUDOLPH:  And Chris Rudolph for the Commonwealth.

THE COURT:  Good morning, everyone. And good morning, Mr. Suchinsky.

THE DEFENDANT:  Good morning, Your Honor.

THE COURT:  So I have in front of me two guilty plea colloquies.  One for 2918-2023, and the other one for 5221-2023, and it provides for a negotiated recommendation for an aggregate sentence of 3 to 6 years' incarceration at the

**Page 4**

bottom, and I think it says 6 and a half to 13 at the top.  Is that correct?

MR. NELSON:  Yes, Your Honor.

THE COURT:  And that is for two counts of indecent assault, and two counts of official corruption; the other charges being nolle prossed. Is that correct?

MR. NELSON:  Yes, Your Honor.

THE COURT:  All right.

So before we begin the colloquy, let me hear from the Commonwealth on the reasons for the offer.

MR. NELSON:  Yes, Your Honor.

As we discussed previously, this offer was arrived after discussion with the defense and both victims on these cases, who are present in the courtroom today.  And in consultation with them, we came up with this offer.  We think that it best strikes a balance between accepting responsibility and a sentence that, no matter where Your Honor lands, will impart the seriousness of what happened to them and provide them with justice.

THE COURT:  Well, I need a little more than that.  You're nolle prossing on a rape and an

Page 5

[1] indecent charge.

[2] **MR. NELSON**: Yes, Your Honor.

[3] This was done in negotiations with the
[4] defense to spare the victims from having to
[5] testify, and to guarantee a range of incarceration
[6] and 25 years on the sex offender registry, and to,
[7] again -- to guarantee bringing justice to these
[8] victims who are present today, who will be present
[9] at sentencing as well to speak to Your Honor about
[10] how these crimes have affected them and what
[11] they'd like to see happen.

[12] **THE COURT**: All right. I'll accept that
[13] language.

[14] All right. Thank you.

[15] **MR. NELSON**: Thank you, Your Honor.

[16] **THE COURT**: All right.

[17] Mr. Suchinsky, I'm showing you two
[18] documents titled "guilty plea colloquy." Do you
[19] recognize them?

[20] **THE DEFENDANT**: Yes.

[21] **THE COURT**: Is this your signature at
[22] the bottom of page 6 of 7 on each of the two
[23] documents?

[24] Here's one.

[25] **THE DEFENDANT**: Yes, it is, Your Honor.

Page 6

[1] **THE COURT**: All right. And here's the
[2] other one.

[3] **THE DEFENDANT**: Yes, it is, Your Honor.

[4] **THE COURT**: All right.

[5] Is it your understanding that you're
[6] about to enter a plea of guilty to one count of
[7] indecent assault and one count of official
[8] corporation as to CP-51-CR-5221-2023, and one
[9] count of indecent assault and one count of
[10] official oppression as to CP-51-CR-2918-2023?

[11] **THE DEFENDANT**: Yes, I do.

[12] **THE COURT**: Do you understand that you
[13] don't have to plead guilty to anything; you have
[14] an absolute right to proceed to trial, and that
[15] you cannot be found guilty unless and until the
[16] Commonwealth has proven you guilty beyond a
[17] reasonable doubt?

[18] **THE DEFENDANT**: Yes, I understand, Your
[19] Honor.

[20] **THE COURT**: All right. And, in fact, we
[21] have the panel downstairs.

[22] As you're waiving your right to trial,
[23] you necessarily waive your right to litigate any
[24] pretrial motions, such as asserting, for example,
[25] that some of the evidence obtained was obtained

Page 7

[1] unlawfully, and, therefore, that evidence must be
[2] excluded from the trial. Do you understand that?

[3] **THE DEFENDANT**: Yes, I do, Your Honor.

[4] **THE COURT**: As an example.

[5] We've litigated pretrial motions in this
[6] case. Do you understand that?

[7] **THE DEFENDANT**: Yes, I do, Your Honor.

[8] **THE COURT**: All right.

[9] So once you pled guilty, there are only
[10] three issues that you can raise on appeal. One
[11] issue would challenge this Court's authority or
[12] jurisdiction to make a decision in your case. So
[13] long as the alleged offense conduct happened here
[14] in Philadelphia, I can assure you that you're in
[15] the Court of Commons Pleas, and there's very
[16] likely authority or jurisdiction to make a
[17] decision in your case. Do you understand that?

[18] **THE DEFENDANT**: Yes, I do, Your Honor.

[19] **THE COURT**: A second issue you could
[20] raise on appeal once you've pled guilty is that
[21] you received an unlawful sentence. The classic
[22] way for that to occur is for you to receive a
[23] sentence that is beyond the lawful maximum for the
[24] offenses.

[25] That's partly why you're advised that

Page 8

[1] under CP-51-CR-2918-2023, you could receive a
[2] maximum sentence of 2 and a half to 5 years'
[3] incarceration on indecent assault, a misdemeanor
[4] of the first degree, with a $10,000 fine; and 1 to
[5] 2 years, plus a $5,000 fine on official
[6] oppression, a misdemeanor of the second degree,
[7] for a total of 7 years' incarceration and a
[8] $15,000 fine on that bill. And as to
[9] 51-CR-5221-2023, the same: On indecent assault
[10] you could receive a maximum sentence of 2 and a
[11] half to 5 years' incarceration and a $10,000 fine;
[12] and on official oppression, a misdemeanor of the
[13] second degree, 1 to 2 years' incarceration and a
[14] $15,000 fine, for a maximum as an aggregate of 7
[15] years' incarceration and a $15,000 fine; and as an
[16] aggregate maximum, 14 years' incarceration and a
[17] $30,000 fine. Do you understand that?

[18] **THE DEFENDANT**: Yes, I do, Your Honor.

[19] **THE COURT**: All right.

[20] The parties advise me that they've
[21] negotiated a recommended sentence -- recommended
[22] aggregate sentence of 3 to 6 years' incarceration
[23] at the bottom, and 6 and a half to 13 years'
[24] incarceration as a cap; in other words, they've
[25] negotiated a range as opposed to a fixed number.

51CR00029182023, 51CR00052212023   Gene 3:23-cv-00342-KSM   Document 66   Filed 09/10/25   Page 24 of 32   Guilty Plea Volume 1

Donald Suchinsky   April 14, 2025

Page 9

[1] Is that your understanding as well?

[2]   **THE DEFENDANT**: Yes, it is, Your Honor.

[3]   **THE COURT**: Do you agree with me that

[4] that negotiated range is less than 14 years'

[5] incarceration and a $30,000 fine?

[6]   **THE DEFENDANT**: I do agree with you,

[7] Your Honor. Yes.

[8]   **THE COURT**: A third issue you could

[9] raise on appeal once you've pled guilty is that

[10] you didn't fully understand your trial rights at

[11] the time when you waived them by pleading guilty,

[12] or that you didn't fully appreciate the impact of

[13] waiving your trial rights would have had on your

[14] appellate rights. That's why we asked you to go

[15] over this form very carefully with your counsel

[16] before you signed it; it's also why I'm asking you

[17] these questions with your responses on the record

[18] so that we can fully be sure that you do

[19] understand your trial rights and you appreciate

[20] the impact of waiving those rights. You're with

[21] me so far?

[22]   **THE DEFENDANT**: Yes. Yes, sir.

[23]   **THE COURT**: And today you are 59 years

[24] old, correct?

[25]   **THE DEFENDANT**: That is correct.

Page 10

[1]   **THE COURT**: And you have two years of

[2] college, correct?

[3]   **THE DEFENDANT**: Yes. Yes, sir.

[4]   **THE COURT**: Did you have any trouble at

[5] all understanding these forms that you went over

[6] with your attorney?

[7]   **THE DEFENDANT**: No, I did not.

[8]   **THE COURT**: Did you have any trouble

[9] understanding any part of your discussions with

[10] counsel regarding your trial rights, your

[11] appellate rights, or your options?

[12]   **THE DEFENDANT**: No, I did not.

[13]   **THE COURT**: Are you satisfied with the

[14] services of your attorney so far?

[15]   **THE DEFENDANT**: Yes, I am.

[16]   **THE COURT**: Are you under the influence

[17] today of any drugs or alcohol?

[18]   **THE DEFENDANT**: No, I'm not.

[19]   **THE COURT**: Have you taken any

[20] medication in the last 48 hours?

[21]   **THE DEFENDANT**: Only blood pressure

[22] medication.

[23]   **THE COURT**: All right. And, obviously,

[24] that does not affect your ability to understand

[25] what's going on today or what I'm saying?

Page 11

[1]   **THE DEFENDANT**: No, sir.

[2]   **THE COURT**: All right.

[3]   Have you ever been diagnosed with a

[4] mental health condition or illness?

[5]   **THE DEFENDANT**: No, I have not.

[6]   **THE COURT**: Has anyone forced you or

[7] coerced you to get you to plead guilty in either

[8] of these two cases?

[9]   **THE DEFENDANT**: No, sir.

[10]   **THE COURT**: Has anyone made you any

[11] promises other than the negotiated recommended

[12] range in order to get you to plead guilty?

[13]   **THE DEFENDANT**: No, sir.

[14]   **THE COURT**: All right. Do you have any

[15] questions at this time for myself, your counsel,

[16] or anyone regarding this?

[17]   **THE DEFENDANT**: No, I do not, Your

[18] Honor.

[19]   **THE COURT**: All right. Then please

[20] listen carefully as the Commonwealth reads a

[21] summary of what their evidence would have been,

[22] because that's the conduct you will be admitting

[23] to by pleading guilty. All right?

[24]   **THE DEFENDANT**: Yes, sir.

[25]   **THE COURT**: Counsel.

Page 12

[1]   **MR. NELSON**: Yes, Your Honor. So I'll

[2] start with CP ending in 2918-2023.

[3]   **THE COURT**: Yes.

[4]   **MR. NELSON**: All right. So had this

[5] case gone to trial, the Commonwealth would have

[6] shown that on November 2nd, 2020, Quadir Sheaff

[7] was murdered in Philadelphia, and the defendant,

[8] former Homicide Detective Donald Suchinsky was

[9] assigned to that case to investigate.

[10]   The complainant is the mother of Quadir,

[11] and she met the defendant the next day through

[12] that investigation.

[13]   On November 14th, 2020, the complainant

[14] went to the Police Administration Building on the

[15] 700 block of Race Street to give a statement, and

[16] after that the defendant and the complainant

[17] continued to communicate over email and by phone

[18] regarding the investigation.

[19]   On November 20th, 2020, the complainant

[20] came back to the Police Administration Building to

[21] help encourage a witness to provide information to

[22] the defendant. When the complainant arrived, the

[23] defendant got into her car and told her to drive

[24] around so he could give her directions of where

[25] she could park her car. The defendant discussed

Page 13

[1] his skills as a homicide detective until they got
[2] to the middle of a block nearby, where the
[3] defendant reached over and began grabbing the
[4] complainant's breasts under her clothes without
[5] her consent. The defendant then reached down and
[6] groped the complainant's vagina and penetrated her
[7] with his fingers.
[8]      And then for approximately the next
[9] three months, the defendant continued to have
[10] inappropriate communications with the complainant
[11] by email and by phone. On November 30th, the
[12] defendant told the complainant to email him
[13] through his personal email, Don.sky621@yahoo.com,
[14] and began sending emails from his personal account
[15] to the complainant. Those full email exchanges
[16] will be attached as exhibits to the Commonwealth's
[17] sentencing memorandum, but examples include the
[18] defendant saying that he liked the complainant's
[19] voice, repeatedly asking her for pictures,
[20] repeatedly indicating that he wanted to meet her
[21] for reasons unrelated to the investigation, and
[22] sending multiple emails that the complainant did
[23] not respond; sometimes up to seven or more in a
[24] row, and asking the complainant if she was scared
[25] to be around him or angry with him when she did

Page 14

[1] not respond. These emails and phone calls from
[2] the defendant ended after the complainant was
[3] contacted by internal affairs, and Quadir's murder
[4] remains unsolved.
[5]      For CP-5221-2023, if this case had gone
[6] to trial, the Commonwealth would have shown that
[7] between 2017 and 2022, the defendant, Donald
[8] Suchinsky, leveraged his position as a detective
[9] with the Philadelphia Police Department to coerce
[10] the complainant, initials D.C., to have vaginal
[11] and oral sex with him in various locations around
[12] the city without her consent by telling her that
[13] her brother's murder would not be solved unless
[14] she did; by threatening to harm her or the rest of
[15] her family if she told anyone; and by providing
[16] her money to buy her silence.
[17]      **THE COURT**: All right.
[18]      Okay. Let's arraign the defendant.
[19]      **COURT OFFICER**: Yes, Your Honor.
[20]      Donald Suchinsky, to Common Pleas Docket
[21] Number CP-51-CR-0002918, of the year 2023,
[22] charging you with official oppression, how do you
[23] plead, sir?
[24]      **THE DEFENDANT**: Guilty.
[25]      **COURT OFFICER**: Same docket number,

Page 15

[1] charging you with indecent assault, how do you
[2] plead?
[3]      **THE DEFENDANT**: Guilty.
[4]      **COURT OFFICER**: Donald Suchinsky, on
[5] Common Pleas Docket Number CP-51-CR-0005221 of the
[6] year 2023, charging you with official oppression,
[7] how do you plead?
[8]      **THE DEFENDANT**: Guilty.
[9]      **COURT OFFICER**: Same docket number,
[10] charging with you indecent assault, how do you
[11] plead?
[12]      **THE DEFENDANT**: Guilty.
[13]      **COURT OFFICER**: Your Honor, the
[14] defendant has pled guilty to all charges and has
[15] signed the document.
[16]      **THE COURT**: All right.
[17]      I do find that the defendant has entered
[18] a knowing and voluntary plea of guilty, and I
[19] accept the factual basis as proffered by the
[20] Commonwealth, I do find him guilty both on the
[21] 2918-2023 and 5221-2023.
[22]      And it's my impression that the parties
[23] wish to defer sentencing?
[24]      **MR. NELSON**: Yes, Your Honor.
[25]      **MR. GIBBS**: Yes, Your Honor.

Page 16

[1]      **THE COURT**: All right. So we'll order a
[2] PSI and mental health evaluation report, and we'll
[3] give this a two week -- sorry, a two-month date
[4] for sentencing.
[5]      **THE CLERK**: For the indecent assault, I
[6] have one as an M2, and one as an M1.
[7]      **MR. NELSON**: They should both be M1.
[8]      **THE CLERK**: So indecent assault,
[9] forcible compulsion?
[10]      **MR. NELSON**: Yes.
[11]      **THE COURT**: Any objection to that
[12] amendment, Counsel?
[13]      **MR. GIBBS**: No, Your Honor. That was on
[14] the docket.
[15]      **THE COURT**: Okay.
[16]      **COURT CRIER**: June the 26th.
[17]      **MR. NELSON**: That's good with the
[18] Commonwealth.
[19]      **MR. GIBBS**: That's a good date for me,
[20] Your Honor.
[21]      **THE COURT**: So Thursday, June 26th. All
[22] right. That will be our sentencing date, and --
[23]      **MR. NELSON**: Just two matters, Your
[24] Honor.
[25]      One, just want to reiterate, for the

Page 17

[1] record, that the stay-away order that's been in
[2] effect throughout this case remains in effect for
[3] both victims, and we'd also ask for a staggered
[4] release.
[5]        **THE COURT**: I'm sorry, also ask for
[6] what?
[7]        **MR. NELSON**: A staggered release.
[8]        **THE COURT**: All right. The stay-away
[9] order remains in effect.
[10]     I assume, Mr. Suchinsky, you know what
[11] that means?
[12]        **THE DEFENDANT**: Yes, sir.
[13]        **THE COURT**: All right. Then that's it.
[14]     Release will be staggered. Follow the
[15] court officer's instructions.
[16]        **MR. GIBBS**: Thank you, Your Honor.
[17]     (Hearing concluded.)
[18]
[19]
[20]
[21]
[22]
[23]
[24]
[25]

Page 18

[1]               CERTIFICATION
[2]
[3]
[4]     I hereby certify that the
[5] proceedings and evidence are contained fully and
[6] accurately in the notes taken by me on the trial of the
[7] above cause, and that this copy is a correct transcript
[8] of the same.
[9]
[10]
[11]
[12]
[13]
[14]
[15]           LISA SUTCLIFFE, RPR
[16]           Official Court Reporter
[17]
[18]     (The foregoing certification of
[19] this transcript does not apply to any reproduction of
[20] the same by any means unless under the direct control
[21] and/or supervision of the certifying reporter.)
[22]
[23]
[24]
[25]

EXHIBIT "B"

**VSCP** LAW   VAN NAARDEN · SPIZER
                CHASE · PINTO

Daniel P. Rosner, Esq.
*Associate*

Two Commerce Square
2001 Market Street, 41st Floor
Philadelphia, PA 19103

**Email**  drosner@vscplaw.com
**Main**   215.960.0000
**Direct**  215.960.0385
**Fax**    215.960.0384
**www.vscplaw.com**

July 10, 2025

***Sent Via Fedex, Certified and Regular Mail***
Donald J. Suchinsky
Inmate #QR1745
SCI Smithfield
1120 Pike Street
Huntingdon, PA 16652

RE:    Jane Doe, L.S. v. City of Philadelphia, et al.
       U.S.D.C. - Eastern District of Pennsylvania, Case No. 2:23-cv-00342-KSM

Dear Mr. Suchinsky:

Pursuant to the applicable Federal Rules of Civil Procedure, please find enclosed Plaintiffs' Request for Entry of Default in the above-captioned matter.

Very truly yours,

DANIEL P. ROSNER, ESQ.

DPR/ac
Enclosure

cc: All Counsel of Record (via email)

# **VSCP**LAW   VAN NAARDEN ▾ SPIZER
CHASE ▾ PINTO

**Daniel P. Rosner, Esq.**
*Associate*

Two Commerce Square
2001 Market Street, 41st Floor
Philadelphia, PA 19103

**Email**    drosner@vscplaw.com
**Main**    215.960.0000
**Direct**    215.960.0385
**Fax**    215.960.0384
**www.vscplaw.com**

August 8, 2025

***Sent Via Fedex***
Donald J. Suchinsky
Inmate #QR1745
SCI Camp Hill
2500 Lisburn Road
Camp Hill, PA 17011

      RE:    Jane Doe, L.S. v. City of Philadelphia, et al.
               U.S.D.C. - Eastern District of Pennsylvania, Case No. 2:23-cv-00342-KSM

Dear Mr. Suchinsky:

      Enclosed please find the following documents:

1)    Plaintiffs Request for Entry of Default which was filed in Federal Court on 7/10/25;
2)    Entry of Default-Ordered by Court on 7/15/25

                    Very truly yours,

                    DANIEL P. ROSNER, ESQ.

DPR/ac
Enclosure

EXHIBIT "C"

 Outlook

---

**Re: Donald J. Suchinsky Court Order - Jane Doe, L.S. v. City of Philadelphia, et al., // U.S.D.C. E.D. Pa.; Case No. 23-0342-KSM**

**From** Charles Gibbs <cgibbs@mpmpc.com>

**Date** Thu 7/31/2025 5:37 PM

**To** Jonah Santiago-Pagan <Jonah.Santiago-Pagan@Phila.gov>

**Cc** Joshua VanNaarden <JVanNaarden@vscplaw.com>; Daniel Rosner <drosner@VSCPLAW.Com>; Danielle Walsh <Danielle.Walsh@phila.gov>

I'm in receipt.

CG

Get Outlook for iOS

---

**From:** Jonah Santiago-Pagan <Jonah.Santiago-Pagan@Phila.gov>
**Sent:** Thursday, July 31, 2025 5:09:57 PM
**To:** Charles Gibbs <cgibbs@mpmpc.com>
**Cc:** Joshua VanNaarden <jvannaarden@vscplaw.com>; Daniel Rosner <drosner@vscplaw.com>; Danielle Walsh <Danielle.Walsh@phila.gov>
**Subject:** Donald J. Suchinsky Court Order - Jane Doe, L.S. v. City of Philadelphia, et al., // U.S.D.C. E.D. Pa.; Case No. 23-0342-KSM

Good afternoon, Counsel –

I represent Defendant the City of Philadelphia in the above-caption civil case. I understand you represented Donald Suchinsky in recent criminal proceedings before the Court of Common Pleas.

As is further explained in the attached letters and Court Order, Eastern District of PA Judge Karen Marston ordered counsel for the City reach out to the attorney(s) who represented Mr. Suchinky in the related criminal matter for assistance as outlined in the attached Court Order.

Please acknowledge receipt of this letter by responding/emailing jonah.santiago-pagan@phila.gov confirming receipt of the same.

Many thanks,

**Jonah Santiago-Pagán**, Esq. (he/him/his)
Deputy City Solicitor – Civil Rights Unit
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
O: 215-683-5428
C: 267-428-6202
jonah.santiago-pagan@phila.gov
www.phila.gov/law

CAUTION: This email originated from outside of the VSCP LAW network. Do not click on any links, reply or open attachments unless the sender is known, and the content is verified as safe.