IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JANE DOE, L.S.**, *a pseudonym*,<br><br>Plaintiff,<br><br>*v.*<br><br>**CITY OF PHILADELPHIA**, *et al.*,<br><br>Defendants. | CIVIL ACTION<br><br>NO. 23-0342-KSM |

## ORDER

**AND NOW** this 6th day of November, 2025, having considered Plaintiff's Motion for Default Judgment Against Donald Suchinsky (Doc. No. 66), the Motion to Stay Entry of Default Judgment filed by the remaining Defendants (Doc. No. 70), and Plaintiff's opposition to the motion to stay (Doc. No. 71), and following a show cause hearing on October 15, 2025, which was attended by Suchinsky and counsel for the remaining parties, the Court finds as follows:

1. On January 27, 2023, Plaintiff initiated this action under the pseudonym "Jane Doe, L.S." against the City, Suchinsky (a former detective with the City of Philadelphia Police Department ("PPD")), and multiple PPD supervisors and detectives. (Doc. No. 1; *see also* Doc. No. 67 (Second Amended Complaint).) Plaintiff alleges that Suchinsky "sexually assaulted and repeatedly sexually harassed" her after being appointed as the lead homicide detective investigating the murder of Plaintiff's son, and that the City, PPD supervisors, and PPD

detectives knew Suchinsky acted inappropriately toward Plaintiff and other women but refused address it. (Doc. No. 67 at ¶¶ 1, 16–18.)[1]

2.      Despite being personally served with process more than two and a half years ago (*see* Doc. No. 49 at 5) and sent numerous filings in this lawsuit (*see, e.g.*, Doc. Nos. 58, 61 (Court orders directing service)), Suchinsky has not entered an appearance in this case. Accordingly, on July 10, 2025, Plaintiff requested default, and the Clerk of Court entered default five days later. (Doc. Nos. 49, 51.) On September 10, 2025, Plaintiff moved for default judgment. (Doc. No. 66.) And on October 15, 2025, the Court held a show cause hearing on the motion, which was attended by Suchinsky and counsel for the remaining Defendants. The Court granted Plaintiff's motion on the record during the hearing. We now outline the reasons for that ruling.

3.      Under Rule 55 of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The clerk may then enter default judgment if "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). In all other cases, the plaintiff must apply to the court for default judgment. Fed. R. Civ. P. 55(b)(2). "A default judgment must not differ in kind from, or exceed, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

4.      Where a party moves for default judgment, the court evaluates the following three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to

---

[1] For a more fulsome discussion of the facts, see this Court's prior Memorandum denying the City's motion to dismiss, *Doe v. City of Philadelphia*, No. 23-342, 2023 WL 5246307, at *1 (E.D. Pa. Aug. 15, 2023).

2

have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *see also, e.g., Int'l Union of Operating Eng'rs v. N. Abbonizio Contractors*, 134 F. Supp.3d 862, 865 (E.D. Pa. 2015). In evaluating these factors, the court accepts all factual allegations in the complaint as true. *Serv. Emps. Int'l Union v. ShamrockClean Inc.*, 325 F. Supp. 3d 631, 635 (E.D. Pa 2018).[2] These factors support the entry of default judgment here.

5. First, the Court finds Plaintiff will suffer prejudice if default judgment is denied because to date, Suchinsky has delayed nearly three years in entering an appearance or otherwise participating in this action. This considerable delay impairs Plaintiff's ability to litigate her claims against him and the City, whose liability is based in part on Suchinsky's conduct. *See Diaz v. Sunrise Grps., LLC*, 2024 WL 3540981, at *3 (E.D. Pa. July 24, 2024) ("[Plaintiff] filed his original complaint approximately three years ago and timely served Sunrise Groups, who, after years have passed, has still not entered an appearance or filed any type of responsive pleading. Such 'considerable delays,' especially those that might stretch on indefinitely, are 'sufficient to show prejudice to the plaintiff.'" (quoting *Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp. 3d 261, 271 (E.D. Pa. 2014)).

6. Second, Suchinsky appears to have no litigable defense. Suchinsky admitted to assaulting Plaintiff when he pleaded guilty to charges in the parallel criminal matter. (*See* Doc. No. 66 at 21–26 (transcript of plea hearing in *Commonwealth v. Suchinsky*, Case Nos. CP-51-

---

[2] Although the Court accepts as true the factual allegations in the Complaint, "a party in default does not admit mere conclusions of law." *Serv. Emps. Int'l Union*, 325 F. Supp. 3d at 635. Therefore, before considering the *Chamberlain* factors, the Court must confirm that "the unchallenged facts constitute a legitimate cause of action." *Id.* (quotation marks omitted). This Court previously found as much when it denied the City's motion to dismiss. *See Doe*, 2023 WL 5246307, at *6–9 (finding "Suchinsky's assault of Plaintiff clearly violated" her constitutional right to bodily integrity and that this violation continued in the months following the assault when Suchinsky continued to sexually harass Plaintiff).

CR-0002918-2023 (Phila. Ct. Comm. Pl.).)  The Court may also "presume that an absent defendant who has failed to answer has no meritorious defense . . . because '[i]t is not the court's responsibility to research the law and construct the parties' arguments for them.'"  *Acosta v. Schwab*, No. 5:18-CV-3544, 2019 WL 7046916, at *8 (E.D. Pa. Dec. 20, 2019).[3]

7.    Finally, the Court finds that Suchinsky's delay is due to his own culpable conduct.  Up until the default judgment hearing—when Suchinsky's appearance was facilitated by the Pennsylvania Department of Corrections—Suchinsky had failed to respond to any pleadings or filings in this case despite numerous notices from Plaintiff and the Court.  (*See* Doc. Nos. 49, 51); *see also Serv. Emps. Int'l Union*, 325 F. Supp. 3d at 637 (explaining that "culpable conduct" refers to conduct "taken willfully or in bad faith," and finding that "Defendant's failure to respond to the complaint and failure to attend the hearing were both 'willful,' in the sense that Defendant accepted service of the complaint and the order setting the hearing and therefore was aware of the complaint and the hearing" but still failed to appear or otherwise respond to the complaint).

8.    In sum, the *Chamberlain* factors weigh in favor of granting default judgment against Suchinsky.

For those reasons, it is **ORDERED** that:

1.    Plaintiff's motion for default judgment (Doc. No. 66) is **GRANTED**, and **DEFAULT JUDGMENT** is **ENTERED** against Defendant Donald Suchinsky pursuant to

---

[3] The Court also previously found that taking Plaintiff's allegations as true, the continuing violation doctrine likely forecloses a statute of limitations defense in this case.  *See Doe*, 2023 WL 5246307, at *8–9.

Federal Rule of Civil Procedure 55(b).  A damages hearing will take place at a later date to be determined by the Court.

    2.    Defendants' motion to stay (Doc. No. 70) is **DENIED**.[4]

**IT IS SO ORDERED.**

/s/*Karen Spencer Marston*

_____

KAREN SPENCER MARSTON, J.

---

[4] Although the remaining Defendants previously represented that they would oppose any motion for default judgment against Suchinsky, they failed to file a timely opposition to Plaintiff's motion.  Four days after the Court noted as much in our Order scheduling the show cause hearing (*see* Doc. No. 69 at 1 n.1), Defendants filed their motion to stay (Doc. No. 70), which asks the Court to refrain from ruling on Plaintiff's motion until "the conclusion of the litigation" (*id.* at 1).  Even disregarding that the motion to stay appears to be an improper attempt to file an untimely opposition brief, the Court finds a stay inappropriate in these circumstances.  As Plaintiff conceded during the default judgment hearing, judgment against Suchinsky does not foreclose the remaining Defendants from arguing that he did not in fact violate Plaintiff's constitutional rights.  It merely closes an administrative box—it resolves Plaintiff's claims against Suchinsky, allowing Plaintiff to proceed with the current litigation as against those Defendants who have chosen to actively participate without fear that Suchinsky may seek to enter an appearance at the last minute.