IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JANE DOE, L.S.**, *a pseudonym*,<br><br>Plaintiff,<br><br>v.<br><br>**CITY OF PHILADELPHIA**, *et al.*,<br><br>Defendants. | **CIVIL ACTION**<br><br>**NO. 23-0342-KSM** |

**ORDER**

**AND NOW** this 18th day of December, 2025, upon consideration of Plaintiff's Motion to Compel Outstanding Discovery Requests (Doc. No. 77), Plaintiffs' Motion to Strike Insufficient Responses to Requests for Admissions and/or to Compel Documents (Doc. No. 78), and the arguments made by counsel at a status conference on December 15, 2025, it is **ORDERED** that the motions are **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Plaintiff's motion to compel the production of all audio or video recordings of any interviews that Plaintiff, L.S., gave in connection with the Philadelphia Police Department's (PPD) investigation of the homicide of Q.S. (M20-415) or the incident underlying the above-captioned matter is **DENIED AS MOOT** in light of Defendant City of Philadelphia's production of said video recordings.

2. Based on Defendant City of Philadelphia's representation that materials responsive to Plaintiff's requests for video recordings connected to PPD Homicide file M20-415, including the interview of L.S., were recently located on "Evidence.com," Plaintiff's request for all materials associated with Homicide file M20-415 stored on "Evidence.com" is **GRANTED**. Defendant City shall identify and produce any other video recordings, including all Body Worn Camera footage,

or other Homicide file documentation that was uploaded to "Evidence.com" but not previously produced in discovery of this matter within fourteen (14) days of the date of this Order.

3. Plaintiff's motion to compel the production of all "Supervisor Checklists" and "Case File Checklists" contained in, or associated with, PPD Homicide file M20-415 is **GRANTED** to the extent that such materials exist. Defendant City of Philadelphia shall diligently investigate whether these materials exist and provide supplemental written responses verifying the outcome of its investigation and producing any such "Checklists" within fourteen (14) days of this Order.

4. Plaintiff's motion to compel the production of any and all documentation of the internal transfer/re-assignment of PPD Homicide file M20-415 from Defendant Donald Suchinsky to other PPD Homicide Detectives, both at the time of the internal investigation of Plaintiff's complaint against Defendant Suchinsky and upon his removal from the Homicide Division, is **GRANTED** to the extent that such materials exist. Defendant City of Philadelphia shall diligently investigate whether these materials exist and provide supplemental written responses verifying the outcome of its investigation and producing any such documentation within fourteen (14) days of this Order.

5. Plaintiff's motion to compel the production of all performance evaluations for Defendant Donald Suchinsky for the years 2020, 2021, 2022, and 2023 is **GRANTED.** Defendant City of Philadelphia shall produce all of the outstanding performance evaluations within fourteen (14) days of this Order. If Defendant City learns through its investigation that the PPD did not prepare a performance evaluation for Defendant Suchinsky for any of the above-listed years, then Defendant City shall produce supplemental written responses verifying that the PPD did not complete performance evaluations for Defendant Suchinsky for the years in question and

explaining why no evaluation was completed for the year(s) in question. Otherwise, Defendant City shall produce all completed performance evaluations for the above-listed years within fourteen (14) days of this Order.

6. Plaintiff's motion to compel the production of outstanding documentation related to transfer applications for Defendant Donald Suchinsky maintained pursuant to Directive 118 and 12.4 is **GRANTED**. Defendant City of Philadelphia shall produce the following PPD forms submitted or generated in connection with Defendant Suchinsky's transfers within the PPD over the course of his entire career: Career Development Transfer Request(s), Personal Data Questionnaire(s), Supervisor Evaluation Memoranda, and Interview Response Form(s) within fourteen (14) days of this Order. If no such documentation exists, either because the documentation was not completed or was not retained pursuant to PPD policies, then Defendant City shall produce a supplemental written response to that effect, along with any supporting documentation, including the applicable PPD policy governing the retention of personnel transfer applications.

7. Plaintiff's motion to compel is **GRANTED** with respect to the production of Defendant Donald Suchinsky's Police Board of Inquiry (PBI) files for PBI # 99-0072, #00-0285, and #92-0080 to the extent that the files exist. If any of the listed PBI files were destroyed, as represented by Defendant City, then Defendant City shall provide supplemental written responses verifying that the PPD destroyed the files and the date on which they were destroyed. Defendant City shall also produce the PPD's relevant PBI file retention polic(ies). All responses shall be produced within fourteen (14) days of this Order.

8. Plaintiff's motion to compel the production of all PPD Internal Affairs (IA) and corresponding PBI files for all named Defendants (Detective Laura Hammond, Detective Derrick Venson, Sergeant Frank Hayes, Sergeant Michael Corbett, Sergeant Bob Kuhlmeier, Lieutenant

3

Walt Bell, and Lieutenant Daniel Brooks) is **GRANTED**. Defendant City of Philadelphia shall produce the entire IA and corresponding PBI file, where applicable, for each IA investigation documented in each individual Defendant's Officer Concise History. Defendant City shall produce said materials within twenty-one (21) days of this Order.

9. Plaintiff's motion to compel is **GRANTED** with respect to all PBI files that were omitted from the November 25, 2025 production of "Volume II" of the City's *Monell* discovery. Based on Defendant City's representations, the PBI files at issue have been requested from the PPD and Defendant City shall produce the requested PBI files within twenty-one (21) days of this Order.

10. Plaintiff's motion to compel the production of the entire Internal Affairs (IA) investigation file for each IA file produced in Volume I and Volume II of Defendant City's *Monell* production is **DENIED**. Plaintiff shall review each IA file the City has produced to date, identify which files are relevant to her *Monell* claims, and submit supplemental requests to Defendant City for the entire IA investigation file for those files Plaintiff identified as relevant during her review of the City's production.

11. Plaintiff's motion to strike and/or compel is **GRANTED.** Defendant City of Philadelphia shall supplement its previous denial to Plaintiff's Requests for Admissions dated August 19, 2024 *and* produce the Homicide Unit Standard Operating Procedures ("SOPs") that were in effect for the *Monell* period (2015–2020), including any cross-referenced documents, forms, or attachments referenced within the SOPs from this time period.[1] Defendant City shall supplement its denial within seven (7) days of this Order. If Defendant City fails to supplement its

---

[1] As discussed during the December 15, 2025 hearing, Defendant City should be mindful of the protective order governing discovery in this action and the relevant case law on assertions of privilege if it intends to produce any SOP in redacted form.

denial, the denial shall be stricken, and the Plaintiff's request shall be deemed admitted by Defendant City.

      **IT IS FURTHER ORDERED** that an in-person **STATUS CONFERENCE** is scheduled for **January 14, 2026 at 11:00 a.m. in Courtroom 16B.** At the status conference, counsel shall present a joint deposition schedule.

**IT IS SO ORDERED.**

                                                          /s/*Karen Spencer Marston*
                                                        _____
                                                        KAREN SPENCER MARSTON, J.